[S. F. No. 13786.   In Bank.—June 24, 1930.]

MRS. J. M. WALTER, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and STATE COMPENSATION INSURANCE FUND, Respondents.

John A. McGilvray and George C. Faulkner for Petitioner.

Edward O. Allen for Respondents.

RICHARDS, J.—The applicant for a writ of review herein is seeking an annulment of the award of the Industrial Accident Commission denying to her a death benefit by reason of the death of her husband, occurring on February 19, 1929, and which, according to the contention of the petitioner for such award, was proximately caused or accelerated by an injury which her deceased husband sustained on July 10, 1928, while in the employ of the Eibe & Huffman Warehouse Company, which employer was at the time insured against liability with the State Compensation Insurance Fund. The injury which the decedent on said latter date sustained was occasioned by the fact that, while working in the warehouse of his employer, he was caught in the fall of a pile of sacks and thereby sustained a fracture of the second lumbar vertebra. He was taken to a hospital and treated for his injuries for some time, under the direct care and supervision of Doctors Fibush and Prothero, who each testified fully before the Commission concerning his condition when he arrived at the hospital and his treatment thereafter by them of the aforesaid injury to his spine. During the considerable period of his confinement in bed in the hospital and in his home he appeared to have developed a diseased condition of the bladder and kidneys, resulting in the formation or development of a cancerous condition, which caused the death of the patient on February 19, 1929.

The question at issue before the Commission was as to whether the subsequently developed affliction of the decedent which caused his death had been either caused or accelerated by the injuries which he had suffered to his spine. Touching this phase of the case a very considerable volume of evidence was presented before the Commission, consisting not only of the observations and opinions of the physicians who attended him during the period between the date of his aforesaid injuries and the time of his death, but also the testimony of physicians who had attended him during a period of several years prior to the date of his injuries, and who testified to the fact that during such prior period the decedent had been treated by them for stricture, requiring occasional operations for the dilation of the urethra, which were required in order to relieve obstruction of his urinary function, which, unless relieved, would tend to cause kidney infection. The testimony of the physicians who attended the decedent after his injuries and who testified in detail with respect to the development of the decedent's urinary trouble and bladder and kidney infection, and that of Dr. Hale in particular, whose patient the decedent had been for several years prior to his injury, were sharply in conflict, although the petitioner herein strenuously and quite plausibly insists that the death of the decedent, which admittedly had for its immediate cause the cancerous affection of his urinary organs, was accelerated by the injury which he suffered to his spine.

The findings of fact and award of the Commission, wherein the widow of the decedent was denied a death benefit, while finding that the injury to the decedent's spine which arose out of and occurred in the course of his employment, for which injury temporary total disability up to the time of his death was allowed, proceeded to find that "the employee's death was not proximately caused by an injury arising out of or occurring in the course of his employment, or while performing any service incidental to his employment." Petitioner assails this finding upon two grounds, the first of which is that said finding is contrary to the evidence in the case, the irresistible trend of which, according to the petitioner's contention, is to show that decedent's injuries produced a paralyzed condition of his physical system which, aided by his long period of enforced

inaction, either proximately caused or reasonably induced the affliction which immediately resulted in his death; and the second of which is that the petitioner was entitled to an express finding upon the issue before the Commission as to whether the injury to the decedent's spine had been an accelerating cause of the affliction from which he died.

As to the first of these contentions, we cannot ignore the fact that the physicians above named, who attended upon the decedent after the occurrence of his injuries and during the development of the bladder and kidney disorders which resulted in his death, have given positive testimony to the effect that the decedent's aforesaid injury was not a contributing cause of the diseased condition which immediately resulted in his decease, and that this court has no power, in the presence of such testimony, to set aside or annul the findings of the Commission and its decision based thereon.

With respect to the second and more serious of the petitioner's contentions, we are constrained to hold that the findings of fact of the Commission are sufficient in form to comply with the requirement of the Workmen's Compensation Law with respect to the findings of the ultimate facts in cases before the Commission, and that the finding that "the employee's death was not proximately caused by an injury arising out of and occurring in the course of his employment, or while performing any service incidental to his employment," eliminates the employee's injury received on July 10, 1928, while in the employ of the Eibe & Huffman Warehouse Company, as a contributing cause of the death of said employee, either by way of direct causation or of acceleration of the diseased condition which constituted the immediate cause of his death.

Having reached this conclusion from the record before us, it follows that the findings and decision of the Commission must be and they are hereby affirmed.

Shenk, J., Waste, C. J., Seawell, J., Preston, J., and Langdon, J., concurred.