[S. F. No. 14245. In Bank.—July 17, 1931.]

ANNIE MacDONALD et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION, DANIEL O'NEILL et al., Respondents.

Joseph E. Isaacs and William Sea, Jr., for Petitioners.

A. E. Townsend and Edward O. Allen for Respondents.

PRESTON, J.—Petitioners seek annulment of an award made by the Industrial Accident Commission denying them a death benefit upon the ground of insufficient evidence to establish that the death of Archie C. MacDonald on June 13, 1930, resulted from an industrial injury suffered by him on April 29th, of said year.

We have examined the record at length in the light of petitioner's contention and, under evidence which could hardly be more conflicting, find that we have no recourse other than to affirm the action of the commission.

On said April 29th the deceased employee, while at work, fell from a scaffold into a hopper, injuring his arm and side. For this he received disability indemnity. His family testify that he also complained of injury to his head and offer new evidence to the effect that a fellow workman will testify that he saw the employee strike his head in falling. Said employee, however, continued all day at his work and also worked from May 5th to 10th, after which

the condition of his arm kept him from his employment. On June 13th he collapsed on the street, striking the pavement, and was removed to the hospital. His skull was found to be newly fractured and he passed away in the evening from shock and hemorrhage. Petitioners testify that from the day of the accident to the day of his death he suffered from dizzy spells, whereas he had theretofore been an unusually healthy and uncomplaining man. They claim that obviously one of these dizzy spells, resulting from the accident, caused the fall on the pavement and further head injury and death. But they offered no expert evidence to this effect.

There is unquestionably sufficient evidence in the record which would have supported an award based upon findings in accord with petitioners' contentions, but there is also ample and sufficient evidence to support the award and findings to the contrary. The attending physician found no indication of injury to decedent's head and he made no complaint of any during the period he was having treatment for his arm. Said physician stated that when decedent's wife reported that her husband had been taken to the hospital following a severe heart attack, which she believed was precipitated by the injury, he told her that he was of the opinion that it had no relation to the injury. He later confirmed this opinion and was corroborated in it by the *post mortem* findings of the pathological laboratory, by the report of the examining physician at the hospital and by the report of the autopsy surgeon.

The report of the examining physician gives in effect the substance of the medical evidence, as follows: "I feel that this patient had a well-advanced arteriosclerosis, a high blood pressure, and it is quite possible that he suffered a stroke that afternoon and fell on this account, the stroke having occurred spontaneously, and that in the fall he injured the side of his head and fractured the skull. In view of the long period of time that had elapsed between his fall in April and the fall and death on June 13th, I can see no industrial connection and think that this man's death was not due to industrial causes."

The award is affirmed.

Landgon, J., Curtis, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.