[S. F. No. 14945. In Bank.—February 21, 1934.]

CAMILLA NIELSEN et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION, CARL BERSCH et al., Respondents.

John C. Scott and H. C. Kelsey for Petitioners.

Arthur I. Townsend, B. E. Pemberton, Ivan A. Schwab and Everett A. Corten for Respondents.

R. P. Wisecarver, as *Amicus Curiae* on Behalf of Respondents.

SHENK, J.—This is the second review in this matter. A petition for a review of the respondent commission's first order was granted by the District Court of Appeal. The order of the commission denying any compensation to the widow and dependents of the deceased employee was annulled by that court and the application was remanded for further proceedings and findings. (*Nielsen* v. *Industrial Acc. Com.*, 125 Cal. App. 210 [13 Pac. (2d) 517].) A petition to have the cause heard in this court was denied on September 22, 1932. Thereafter the commission conducted a hearing and received further evidence. At said hearing the applicants objected to the receipt of any evidence other than for the purpose of determining the amount of compensation to be awarded to them. The commission admitted additional evidence relating to the question whether the disability which caused the employee's death was in any part due to his employment. Thereupon the commission made its finding that "the evidence is insufficient to hold that the employee sustained injury occurring in the course of and arising out of said employment". It accordingly made its order that the applicants take nothing. This order is now before us for review.

The first contention is that after the decision of the District Court of Appeal on the former review and the annulment of the commission's previous similar order, the commission's jurisdiction was limited to an inquiry into the amount of compensation to be awarded based on the proportion of the disability due to the employment. This question is settled adversely to the contention, and to the effect that the commission, after such an annulment, may investigate further the facts bearing on the issue of the cause of the injury, and if the entire record as then presented supports its finding its order must be affirmed. (*Winthrop* v. *Industrial Acc. Com.*, *ante*, p. 114 [29 Pac. (2d) 850.].) The effect of the decision just cited is that the commission is bound to follow the holding of the court on review so far as applicable, but is not foreclosed from receiving additional evidence which might have the effect of supplying the necessary proof which was lacking on the

former record. If the record is not changed in any substantial respect the law of the case as established on the review would be held determinative. The expression of the opinion of the reviewing court that on the facts in the record the injury was shown to be compensable, or the direction that the application is remanded for further proceedings and findings in accord with the opinion, would have no special or greater effect.

It therefore becomes necessary to determine whether the record as now presented contains the additional proof necessary to sustain the commission's finding and order denying compensation.

The facts on the former record are stated in the opinion on the former review. (*Nielsen* v. *Industrial Acc. Com., supra.*) The present order of the commission is based on the testimony given by Dr. DuBray on the second hearing. Dr. DuBray submitted evidence on the first hearing. Of that evidence the District Court of Appeal in the former case stated at page 212: "Dr. DuBray, without any examination of the deceased and without a full knowledge of the facts found at the autopsy, gave his opinion that death was caused by coronary occlusion and was not caused by the exertion of the employment." Dr. DuBray's opinion given on the second hearing was based on a written statement of the facts presented to him and on the other reports and the testimony in the record. He was also subjected to a rigid cross-examination. His conclusion was the same as on the first hearing, viz., that death was not due to an acute dilatation of the aorta which is produced by unusual exertion, but was due to coronary occlusion not necessarily due to any physical strain or exertion, but which in the present case was due entirely to the pre-existing heart condition, and that the decedent's labors preceding his death did not contribute to the condition which was the cause of death.

The applicants urge that the record on this review is not substantially different, and that the decision on the former review (*Nielsen* v. *Industrial Acc. Com., supra*), and the case of *Winthrop* v. *Industrial Acc. Com.*, 213 Cal. 351 [2 Pac. (2d) 142], are controlling in support of their contention that the injury is compensable.

In *Nielsen* v. *Industrial Acc. Com., supra,* the case of *Winthrop* v. *Industrial Acc. Com.*, 213 Cal. 351 [2 Pac.

(2d) 142], was followed to the effect that "there was no true conflict in the evidence where that on one side consisted of opinions based upon a state of facts not shown by the record to exist while that on the other side was based upon facts actually shown to exist or rested upon the testimony of physicians who had actually treated and examined the patient". (*Nielsen* v. *Industrial Acc. Com.*, *supra*, at p. 212.) No question arises with respect to the holdings in those cases that aggravation of pre-existing disease is compensable. (Sec. 3 [4], Workmen's Comp. Act, Stats. 1917, chap. 586; as amended Stats. 1919, chap. 471; *Knock* v. *Industrial Acc. Com.*, 200 Cal. 456 [253 Pac. 712].) The respondents assert that some misapprehension is growing as to the meaning to be attributed to the foregoing statement in the Winthrop case and in the Nielsen case. It is stated that those decisions are mistakenly relied upon as holding that experts whose opinion is based on a hypothetical statement of the facts involved does not raise a conflict with the testimony of those experts who have examined the physical condition of the injured employee and have acquired a personal knowledge of the facts. (See *Reynolds* v. *Struble*, 128 Cal. App. 716, 729 [18 Pac. (2d) 690]; *Thoreau* v. *Industrial Acc. Com.*, 120 Cal. App. 67, 71, 72 [7 Pac. (2d) 767].)

By section 67 (c) of the act (Stats. 1917, *supra*), the findings and conclusions of the commission on questions of fact are made conclusive and final and are not subject to review. The power vested in the court on review by subdivision 1 of the same section, to determine whether the commission has acted without or in excess of its powers, has not been construed to mean that the court may not determine that the commission has exceeded its powers when it has made a finding contrary to the evidence or in the absence of any evidence to support it. (*Pruitt* v. *Industrial Acc. Com.*, 189 Cal. 459, 466 [209 Pac. 31]; *Market St. Ry. Co.* v. *Industrial Acc. Com.*, 193 Cal. 178, 182 [224 Pac. 95].) On the other hand the questions of the weight of the evidence and the credibility of the witnesses are for the commission and if there is any evidence or reasonable inference which will support the commission's finding, the reviewing court has no power to disturb it. There is no language in the Winthrop case, 213 Cal. 351, [2

Pac. (2d) 142]), which should afford any foundation for a statement that the reviewing court had exceeded its powers in that case. ■ There was no intent to hold, and it was not decided, that the opinion of experts who had no personal knowledge of the facts may not raise a conflict with the testimony and opinion of those whose conclusions are drawn from a personal examination of the injured employee. The opinion of experts based on hypothetical statements of the facts in the record is competent evidence. The weight of such evidence is for the commission's determination. Nor was it held in the Winthrop case that each statement or question upon which an opinion is asked must contain all of the facts appearing in the record. (*Treadwell* v. *Nickel*, 194 Cal. 243, 267 [228 Pac. 25].) What was held in the Winthrop case was that the probative value of the witness' opinion is lacking if in the course of its development he has not been made acquainted with all of the essential facts. This was the extent of the holding in that case and pursuant to the well-defined power of the court on review, is the utmost that was intended by the holding. It must also be noted here that the manner of presenting the facts to the witness whose opinion is asked, or the form of his answer or report based on such facts, is not a question which greatly concerns us under pertinent provisions of the act. (Sec. 60 [a]. Stats. 1917, *supra.*)

The record now before us presents conflicting views as to whether or not the exertion of the decedent an hour or so prior to his death contributed to his disability. The views on each side of this question are based on all of the facts relating to the employee's condition at the time of his death, and on the history of the facts and circumstances leading up to and attendant upon the last work that was done by him. The record in this state gives the probative value to the witness' testimony which was lacking on the former hearing and supports the commission's present conclusion. (*Brandon* v. *Industrial Acc. Com.*, 211 Cal. 341, 343 [294 Pac. 1064]; *MacDonald* v. *Industrial Acc. Com.*, 213 Cal. 156 [1 Pac. (2d) 979].)

The order is affirmed.

Thompson, J., Preston, J., Langdon, J., Curtis, J., and Waste, C. J., concurred.