[L. A. No. 14342. In Bank.—February 21, 1934.]

FANNETTE WINTHROP, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, WETHERBY--KAYSER SHOE COMPANY et al., Respondents.

Goldman & Lieberman and Aaron B. Rosenthal for Petitioner.

H. C. Kelsey, as *Amicus Curiae* on Behalf of Petitioner.

A. I. Townsend for Respondents.

R. P. Wisecarver, as *Amicus Curiae* on Behalf of Respondents.

SHENK, J.—This is a petition for review of the second order of the respondent Industrial Accident Commission denying the application of the petitioner, Fannette Winthrop, for compensation.

The claim for compensation grew out of an operation by which an ovarian cyst or tumor was removed from the abdominal cavity of the petitioner. The tumor had become strangulated by its pedicle or stem having become twisted. This resulted in a gangrenous condition necessitating the operation. It was the claim of the petitioner that the twisting of the pedicle was caused by a fall from a stool which occurred more than two weeks before the operation and while she was in the employ of the respondent Wetherby-Kayser Shoe Company of Los Angeles. The commis-

sion based its first order denying compensation on its finding that no part of the disability suffered by the petitioner arose out of the employment. On the first review the order denying compensation was annulled. (*Winthrop* v. *Industrial Acc. Com.*, 213 Cal. 351 [2 Pac. (2d) 142].) The opinion on the former review is referred to for a statement of the facts of the case and the grounds of the order of annulment.

After the decision on the first review the commission proceeded to re-examine the issue. Further testimony was received on the question whether the condition of the tumor necessitating the operation was connected with the fall suffered by the petitioner. On the former hearing the testimony of Dr. Toland, the attending physician who performed the operation, was not before the commission. This omission was due to the doctor's refusal to testify either because he "did not want to get mixed up in it" or because of some mistaken belief that the substance of his testimony constituted a privileged communication. On the second hearing Dr. Toland testified fully as to the position and condition of the tumor as he found it with relation to the time when the petitioner fell and the time when the operation was performed. His testimony was to the effect that the condition of the tumor was not due to the fall, but was a development from natural causes. The testimony of Dr. Toland indicated that the time element was a conclusive factor, and upon it the commission could reject the contention that the fall effected the twisting of the pedicle. ■ The record as now presented supports the finding of the commission that the petitioner suffered no disability which was caused or aggravated by the employment and its conclusion that no compensable injury was sustained by her. (*Walter* v. *Industrial Acc. Com.*, 209 Cal. 635 [289 Pac. 627].) The only question remaining is whether the commission had jurisdiction to retry that issue of fact after the annulment of its order denying compensation to the petitioner.

■ The petitioner contends that the jurisdiction of the commission following the annulment upon the former review is restricted to proceedings to determine the proportion of the disability which was traceable to the pre-existing disease or condition, the percentage due to aggravation in-

duced by the fall, and the amount of compensation to which the petitioner is entitled.

The position of the respondents is that the annulment of the former order, as in the case of an unqualified reversal of a judgment in a civil action, leaves the matter again "at large" for proceedings in the nature of a retrial of the issues of fact.

The question is: What are the powers and jurisdiction of the commission when the court has annulled its order denying an award on the ground that the finding that no portion of the petitioner's disability was caused by injury arising out of the employment is not supported by the evidence?

An extended discussion will not be required to set forth our views leading to the conclusion that the commission has jurisdiction to receive any further evidence and pursue any inquiry on any issue of fact which was before it on the prior hearing. ■ Broad powers are conferred upon the commission by the act to the end that its objects and purposes may be accomplished. The commission is not bound by common law or statutory rules of evidence and procedure. The path of the commission toward a free and full inquiry to ascertain the substantial rights of the parties is made clear by the framework of the act. The spirit of this legislation forbids a limitation upon the commission's power to inquire into the facts within narrower confines than those which define the jurisdiction of a trial court in a similar situation. There, upon an unqualified reversal of its judgment, issues of fact may be retried, and the lower court is bound by the law of the case unless the evidence on the second trial supplies the additional and necessary proof which was lacking in the former record. (*Central Sav. Bank of Oakland* v. *Lake*, 201 Cal. 438, 443 [257 Pac. 521].) That such a limitation was not intended follows under the liberal construction enjoined upon the courts by the provisions of the act. This becomes more apparent when the situation is reversed and an award granting compensation in a particular case is annulled because the commission has exceeded its jurisdiction in finding, in the absence of competent evidence, that the injury arose out of and in the course of the employment. In our opinion it would be a violation of the spirit and intent of this legislation were its provisions to be construed as precluding the

commission thereafter from allowing the employee to make a different record, if possible, which would support a finding in his favor on that issue. Inasmuch as the substantial rights of *all* parties are the subject matter for determination by the commission (sec. 60 [a], Stats. 1917, chap. 586), there is no basis for a holding that a different and narrower jurisdiction must be exercised by the commission in one case than in the other.

This court has heretofore indicated that the issues of fact are open to further hearing by the commission upon the annulment of an award by the reviewing court. (*Englebretson* v. *Industrial Acc. Com.*, 170 Cal. 793, 799 [151 Pac. 421]; *Carstens* v. *Pillsbury*, 172 Cal. 572, 578 [158 Pac. 218]; *California C. I. Exchange* v. *Industrial Acc. Com.*, 190 Cal. 433, 438 [213 Pac. 257]; see, also, *Clapp's P. Station* v. *Industrial Acc. Com.*, 51 Cal. App. 624, 629, 630 [197 Pac. 369]; *King* v. *Alabam's Freight Co.*, 40 Ariz. 363 [12 Pac. (2d) 294, 296]; *McGarry* v. *Industrial Acc. Com. of Utah,* 64 Utah, 592 [232 Pac. 1090, 1091, 39 A. L. R. 306]; *Brocco* v. *May Department Stores,* 227 Mo. App. 395, 55 S. W. (2d) 322, 325, 326.)

The order denying compensation is affirmed.

Thompson, J., Preston, J., Langdon, J., Curtis, J., and Waste, C. J., concurred.

Rehearing denied.