[Civ. No. 9725.   Second Appellate District, Division Two.—July 11, 1934.]

C. C. ANDREWS et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Bernard B. Laven for Petitioners.

Everett A. Corten for Respondents.

CRAIG, J.—An employee of Wm. L. Carpenter doing business as the Argonne Van and Storage Company, and insured by the Travelers Insurance Company, having received fatal injuries while riding as a passenger in an automobile of the employer, a petition was filed by the parents against said employer and the insurer for adjustment of their claim. After hearing, findings and an order were made that the evidence failed to establish that the employee had sustained injury in the course of employment and that the applicants take nothing by their claim. A rehearing was denied. ■■ They petitioned for a review of the proceedings before said commission upon the one question as to whether or not the employee sustained an injury arising out of and in the course of employment.

For some time previously to the occasion in question the employee, Martha Andrews, had been a branch manager of the storage company at San Francisco and in full charge of its office and departments and operations, including automobiles there in use. The main office and principal place of business were situated in the city of Los Angeles. On September 16, 1933, the decedent and an employee named Stafford left San Francisco in a company automobile, intending to drive to Los Angeles, but when near Turlock the car met with an accident out of which the instant proceedings arose.

The evidence upon which petitioners base their exceptions to the findings and decision of the Industrial Accident Commission was at most conflicting with many indisputable facts which were before it. The principal issues contested were as to whether or not a company car was allowed outside the northern territory of the company, and whether the decedent and Stafford were making the trip on business of their

employer or for pleasure. It is insisted that the evidence positively showed without contradiction that decedent directed Stafford to drive her to Los Angeles "to see Mr. Carpenter on business", that any rule that no car should be driven there for any purpose applied only to salesmen and truck drivers, that decedent had authority to use a machine, and that her major purpose was the performance of duties of her employment.

All of the witnesses were in accord that Miss Andrews stated that she was going to Los Angeles, that she intended to visit a Miss McCubbin there, and intended to return the following week. An employee by the name of McArron testified that "she told me she was going to Los Angeles on Saturday afternoon, and she wanted me to take care of the business while she was gone, and she was going to Los Angeles to see a Miss McCubbin, and they were going on a picnic. She was going to stop and see Mr. Carpenter before she came back"; that the cars could not be driven to Los Angeles "without Mr. Carpenter's specific permission"; that decedent had previously endeavored to secure a car to drive from Los Angeles to San Francisco, but it had been refused. Stafford testified that the decedent knew that he wanted to go to Los Angeles to see his family, and "when she told me she wanted me to drive her down, I told her I would"; that she "had written and made arrangements with a friend, Miss McCubbin, and that they were going on a hike I believe . . . those were the only things she mentioned to me"; and that she did not state that she had business with Mr. Carpenter. The latter testified positively that decedent had no authority to travel to Los Angeles in one of his cars; that there was no business pertaining to the company's affairs to his knowledge which would call her there; he had talked with her on the telephone just the night before. He swore that he had "given her explicit instructions to always put her business down in letters or call on the telephone if she wanted something"; he had always had a policy that automobiles should not be operated between the two cities, "and she has always known about it". A paper found among her effects was admitted to be a copy of some report, but she had previously forwarded all that it pretended to convey and had fully advised her employer as to current business matters.

The foregoing and much other evidence strongly tends to support the findings and decision of the commission to such extent that it cannot be said as a matter of law that they were unfounded. Since its sufficiency was the only ground upon which annulment of the order was sought, the petitioners herein cannot prevail. In such a case the credibility of witnesses and the weight to be given to their testimony are not subject to review. (*McDonald* v. *Industrial Acc. Com.*, 213 Cal. 156 [1 Pac. (2d) 979]; *Ruff* v. *Industrial Acc. Com.*, 123 Cal. App. 168 [11 Pac. (2d) 17].)

The order denying an award is affirmed.

Stephens, P. J., and Scott, J., *pro tem.*, concurred.