[Civ. No. 10775. Second Appellate District, Division Two.—March 11, 1936.]

NATIONAL AUTOMOBILE INSURANCE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, C. E. RILEY et al., Respondents.

C. W. Bowers for Petitioner.

Everett A. Corten and Emmet J. Seawell for Respondents.

CRAIL, P. J.—This proceeding is a review of an award by the Industrial Accident Commission. The award was in favor of C. E. Riley and against the petitioner herein. The application for adjustment of claim before the respondent, which is the equivalent of a complaint in a civil action, alleged that the employer of Riley was Nick Nickoliades and that the petitioner was the insurance carrier of the said Nickoliades. The findings of fact upon which the award of the Commission was based were as follows: "At the time of his [Riley's] injury he was employed by *Mike Tsimckles* who was doing business under the name of Nick Nickoliades and under such name carried his compensation insurance with National Automobile Insurance Company, a corporation."

It is admitted that Mike Tsimckles and Nick Nickoliades are separate and distinct individuals and that neither name is a fictitious name. Obviously the findings of the Commission that Mike Tsimckles was the employer of Riley and that petitioner was the insurance carrier of Mike Tsimckles were not within the issues. Furthermore, there is no evidence in the record that petitioner was the insurance carrier of Mike Tsimckles, and the award may not be sustained.

The respondent in its answer says: "We will at the outset state that we admit that the Commission erred in finding that Riley was the employee of Mike Tsimckles. Upon a review of the record in this case it appears to be undisputed that Riley was an employee of Nick Nickoliades." After quoting the evidence at considerable length respondent says: "We submit that the above quoted testimony establishes beyond any reasonable doubt that Riley was an employee of Nickoliades at the date of injury." However, this court is not a fact-finder and the case is not before us for trial. The award must be annulled.

Respondent contends that no useful purpose would be served by granting a rehearing and quotes 2 California Jurisprudence, page 808, as follows: "When an order granting relief is general in its terms, the appellate court will examine the entire record upon which the order is based, and affirm it, if it finds therein any ground upon which the order is justified. In other words, the order will be affiremd if it can be sustained upon any of the assigned grounds, for it will be presumed that the order was made upon that ground. This rule has been applied to orders sustaining demurrers, orders striking out pleadings, orders granting nonsuits, and orders granting new trials." This law has no application to the situation confronting us. Findings of fact upon which a judgment or award are based do not constitute "grounds upon which the order is justified." The findings are a part of the decision itself and not the grounds for the decision. (2 Cal. Jur. 716, and cases cited.)

The award is annulled without prejudice to further proceedings before the Commission.

Wood, J., and McComb, J., *pro tem.*, concurred.