[Civ. No. 22123.   First Dist., Div. Three.   Mar. 29, 1965.]

HARRIET A. Le STRANGE, Plaintiff and Appellant, v. CITY OF BERKELEY et al., Defendants and Respondents.

Arthur Bellman for Plaintiff and Appellant.

Robert T. Anderson, City Attorney, and Robert P. Berkman, Assistant City Attorney, for Defendants and Respondents.

DRAPER, P. J.—Appellant is the widow of a former fire chief of defendant city.  Upon his death, she applied for a pension.  If her husband died "as a direct result of the actual performance of his duty," the applicable ordinance entitles her to a pension of half of his salary.  Otherwise, his years of service entitle her to a pension of one-third of his salary.  The lesser amount was awarded by the Fire Pension Board.  Plaintiff brought this action for a determination of her rights.  The trial court found that she had not been afforded due process by the board, and directed reconsideration by that body.  On appeal the judgment was reversed and the case remanded with directions to determine whether the findings of the pension board are supported by substan-

tial evidence (*Le Strange* v. *City of Berkeley*, 210 Cal.App.2d 313 [26 Cal.Rptr. 550]). The trial court reviewed the record and found that it contained substantial evidence supporting the finding that only the lower pension was proper. Judgment was for defendants. Plaintiff appeals.

Decision upon the earlier appeal established that the pension board acts in a quasi-judicial capacity, and thus the only question is whether the evidence before that board supports its finding.

Chief Le Strange died November 2, 1956. It is conceded that the cause of death was a staphylococcal infection. The medical witnesses agreed that the infection was highly resistant to antibiotics, and thus probably had its source in a hospital environment. The question is what afforded the means of entry of the germs into his system. Chief Le Strange was hospitalized March 26 and 27 for prostate treatment and examination. There is evidence that he received a cut on the back of his hand while fighting a fire May 21, 1956. He reentered the hospital June 25 for a prostatectomy and remained until June 30. No doctor saw or treated the cut hand, but there is lay testimony that the cut festered and remained in that condition in early August. Late in August, pain developed in the upper forearm, and the elbow was surgically explored September 3. He returned to the hospital for treatment of this infection October 30, and died there November 2.

Plaintiff's medical experts expressed the opinion that the cut hand probably was the means of entry of the infection. Defendants' medical witnesses testified that the prostatectomy afforded such entry. In this conflict of expert evidence, it is apparent that the board could find substantial support for the finding that the infection did not result from the cut hand, which is the only basis for the claim that Chief Le Strange died "as a direct result of the actual performance of his duty."

Plaintiff, however, asserts that her medical witnesses actually attended decedent, whereas those of defendants formed their opinions only upon a statement of the facts. She argues that as a matter of law the latter opinions cannot prevail over those of the attending physicians. She relies upon two decisions (*Winthrop* v. *Industrial Acc. Com.*, 213 Cal. 351 [2 P.2d 142]; *Brant* v. *Retirement Board*, 57 Cal.App.2d 721 [135 P.2d 396]) for this claimed rule. But later decisions of the same courts which filed those opinions specifically

disclaim the construction plaintiff places upon them. *Winthrop* did *not* hold "that the opinions of experts who had no personal knowledge of the facts may not raise a conflict with the testimony and opinion of those whose conclusions are drawn from a personal examination" of the injured person (*Nielsen* v. *Industrial Acc. Com.*, 220 Cal. 118, 123 [29 P.2d 852, 30 P.2d 995]). And *Brant* held only that because the opinion of an expert who did not attend the patient "was partially based upon erroneous assumptions it created no conflict as against the positive, uncontradicted factual evidence given by the attending physician." (*Dornell* v. *Retirement Board,* 72 Cal.App.2d 197, 205 [164 P.2d 266].) Here there were no erroneous assumptions by defendants' experts, and their testimony supports the board's finding. Moreover, there is no possible factual basis for plaintiff's argument. No medical witness saw the cut on decedent's hand, or treated him for it. Knowledge of the cut was imparted only later, and by lay witnesses. Thus all experts were but attempting to reconstruct, by consideration of probabilities, the means by which the infection was introduced into decedent's bloodstream. Choice among the expert opinions turned wholly upon the weighing of the reasons given for those conclusions, clearly a function of the board as trier of the facts.

Plaintiff points to evidence that decedent visited firemen who were hospitalized, and that some of the medical witnesses did not know of this testimony. But it is not contended that an infection incurred during such a visit would result directly from performance of duty. In any event, the testimony does not fix dates of such visits at a time which would coincide with the onset of the critical infection. The testimony was only that the chief visited the hospital about twice a week in "1954, 1955 and part of 1956."

There is no merit in the contention that the trial court erred in rejecting two depositions. They relate only to comments of board members in deliberation. None of the obstacles pointed out on the prior appeal has been met and the objection was properly sustained.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.