[Civ. No. 31948. Second Dist., Div. Four. Jan. 2, 1968.]

MARY E. MARSH et al., Petitioners, v. WORKMEN'S COMPENSATION APPEALS BOARD, KELCO COMPANY et al., Respondents.

576

Jaffee, Mallery, Thompson, Talbott & Lemaster and George D. Thompson for Petitioners.

Everett A. Corten, Edward A. Sarkisian, Weingand, Kendig & Stockwell, David B. Allen, Petersen & Mansell and John J. Wren for Respondents.

McCOY, J. pro tem.*—An award of death benefits and medical-legal costs issued in favor of the widow and minor children of George W. Thompson against Liberty Mutual Insurance Company, Transport Indemnity Company, Reliance Insurance Company, and Industrial Indemnity Company, the insurance carriers of Thompson's employers during periods from April 30, 1951, through May 22, 1964. The award was based on a finding that Thompson's death on May 22, 1964, was proximately caused by cumulative injury arising out of and occurring in the course of his several employments during that period. No allocation of liability among the four carriers was made but the board determined the periods of time during the course of the cumulative injury in which each

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

carrier's liability was incurred. Petitions for reconsideration filed by the carriers were denied although the claimants conceded that there was no evidence presented to establish that the employment from April 30, 1951, through November 30, 1953, contributed to the injury. Industrial Indemnity Company, the insurer for this employment period, sought review by this court. (2d Civ. 30893.) The other defendants did not petition for review. This petition was served on the board and on counsel for Reliance and Liberty, but not on counsel for the applicants. The opposition by the board was served only on counsel for applicants and for Industrial.

Upon the filing of the petition for review by Industrial Indemnity Company, the appeals board admitted error in the inclusion of the period of employment for which Industrial Indemnity Company was responsible as a contributing cause of death. The board moved that the court dismiss the petition and remand the matter. The court denied the motion to remand and annulled the award without prejudice to further proceedings before the board. The order reads in part: "Respondent Workmen's Compensation Appeals Board having admitted that the inclusion of the period of decedent's employment by Aerojet General Corporation from April 30, 1951, to November 30, 1953, as contributing to the cause of decedent's death, was not warranted by the evidence, the award is annulled without prejudice to further proceedings before said Board. (*National Auto. Ins. Co.* v. *Industrial Acc. Com.*, 12 Cal.App.2d 377 [55 P.2d 544].)"

Upon the filing of the remittitur the board, without any further hearing, issued a new award, eliminating Industrial Indemnity Company from liability. Acting on a petition for reconsideration of this award filed by Liberty Mutual Insurance Company,[1] the board vacated the award, made a finding that death was not caused by industrial injury, and issued an award limited to medical-legal costs against the three carriers who had not sought review of the original award. The claimants' petition for reconsideration was denied. They seek review and annulment of this decision.

Claimants contend that the order of the court was simply a referral of the matter back to the appeals board to affirm the

[1]The petition sought reconsideration on the grounds that the decision had been made without the parties being given an opportunity for further proceedings or notice of submission and that the evidence did not justify the finding of industrial causation.

findings and award as to the three carriers who did not seek review, and to correct the findings as to Industrial Indemnity Company and eliminate it from liability on the award. In such a case, they contend, the carriers who did not seek review were not entitled to redetermination of the merits of the case on a second petition for reconsideration. Liberty Mutual asserts that the order of the court vacated the original award against all of the defendants and set the entire matter at large for further proceedings. The other defendants have not answered. The opinion of the appeals board indicates that it agreed with Liberty Mutual. It is also argued that the decision should be sustained on the theory that we may regard it as a decision after reopening pursuant to Labor Code, section 5803, that is, an exercise of the board's continuing jurisdiction to affirm, rescind, alter, or amend for good cause a previous order, decision, or award within a period of five years from the date of injury.

In our opinion the decision of the board cannot stand. The original award against the three carriers who did not seek review when the time to petition for review expired was unaffected by the subsequent order of this court. The doctrine of res judicata precluded the board from redetermining the issues on which their liability is based. The order of the court annulled only the award against Industrial Indemnity Company. Thereafter the claimants and Industrial, as parties to that award, were entitled to further proceedings in the nature of a retrial with notice and opportunity to make, if possible, a different record which would support the claim. Even if claimants desired to waive a retrial, the interest of the other three carriers who were held liable entitles them to a retrial of the claim against Industrial Indemnity. The continuing jurisdiction of the board was not invoked or appropriate. We state the reasons for our conclusions below.

The award was based on a claim of cumulative injury. "It is the established rule in cases where disability or death results to an employee from a progressive occupational disease or cumulative industrial injury that the employee (or his dependents) may elect to recover full compensation benefits from any employer (or insurer) in the chain of causation and that the appeals board must thereafter apportion the liability among the successive employers (or insurers) in the proportion that each period of employment (or correspondent coverage) contributed." (*Raischell & Cottrell, Inc.* v. *Workmen's Comp. Appeals Board,* 249 Cal.App.2d 991, 995

[58 Cal.Rptr. 159]; see, also, *Colonial Ins. Co.* v. *Industrial Acc. Com.*, 29 Cal.2d 79, 82 [172 P.2d 884]; *Fireman's Fund Indem. Co.* v. *Industrial Acc. Com.*, 39 Cal.2d 831, 835 [250 P.2d 148]; *Royal Globe Ins. Co.* v. *Industrial Acc. Com.*, 63 Cal.2d 60, 62-63 [45 Cal.Rptr. 1, 403 P.2d 129].) ▮ The proper procedure in such cases is to hold the employers (or carriers) in the chain of causation jointly and severally liable, leaving them to debate the issue of apportionment of their relative liabilities in a separate proceeding. There can be no apportionment as to the claimant and there is no reason he should be required to wait until the determination of the apportionment issue to receive his award. (*Royal Globe Ins. Co.* v. *Industrial Acc. Com.*, *supra*, 63 Cal.2d 60, 63.)[2] It is clear that the original award was joint and several.

▮ A review of an award of workmen's compensation serves substantially the same function as an appeal from a judgment in civil proceedings. We see no reason why the annulment of an award of workmen's compensation on the petition of one of multiple defendants should have any greater effect than the reversal of a judgment on the appeal of one of multiple defendants in civil proceedings.

▮ "An appeal from a judgment by some of the defendants, although the notice of appeal is general in its terms, is of necessity an appeal from only that portion of the judgment which injuriously affects the appealing defendants . . ." (*Lake* v. *Superior Court*, 187 Cal. 116, 119-120 [200 P. 1041].) ▮ A judgment becomes final as against a nonappealing party unless "portions of a judgment adverse to a nonappealing party are so interwoven with the whole that appeal from a part affects the other parts; in such a situation the appellate court can reverse the entire judgment if it is necessary to do justice." (*Blache* v. *Blache*, 37 Cal.2d 531, 538 [233 P.2d 547].)

▮ In the present case there was no reason to annul the award against the carriers who did not petition for review. The question raised on review did not affect the findings and award as to them. The liability of each is based on a separate and distinct period of time and set of circumstances. The liability of one is not conditional on the liability of another. The amount of the award against one does not alter the award against another. A retrial of the claim against Industrial Indemnity or the litigation of the issue of apportionment

---

[2] We understand that in the present case Liberty Mutual and Reliance made payments on the original award until the court order issued.

among the carriers will not affect the findings and award in favor of the claimant against the carriers who did not seek review. (See and cf. *Nichols* v. *Dunphy,* 58 Cal. 605, 607; *Bird* v. *McGuire,* 216 Cal.App.2d 702, 718-720 [31 Cal.Rptr. 386], and cases cited therein; *Blache* v. *Blache,* 37 Cal.2d 531, 538 [233 P.2d 547]; *Osborn* v. *Osborn,* 42 Cal.2d 358 [267 P.2d 333]; *Estate of Sanderson,* 183 Cal.App.2d 740, 743 [6 Cal.Rptr. 893]; *Ragusano* v. *Civic Center Hospital Foundation,* 199 Cal.App.2d 586, 599-603 [19 Cal.Rptr. 118].)

The other carriers could also have petitioned for review. Had they done so and had it been determined that their petitions had no merit although the petition of Industrial Indemnity did, the court undoubtedly would have affirmed the award as to them and annulled it as to Industrial Indemnity. The contention that the order of the court annulled the award with which they were content to rest is rejected.

 A decision of the Workmen's Compensation Appeals Board becomes final upon the expiration of the time for review. (*Thaxter* v. *Finn,* 178 Cal. 270, 275 [173 P. 163]; *California-Western etc. Ins. Co.* v. *Industrial Acc. Com.,* 39 Cal.2d 104, 107 [244 P.2d 912].) The basic rules of procedure require the board to give res judicata effect to its final decisions. (*Dow Chemical Co.* v. *Workmen's Comp. Appeals Board,* 67 Cal.2d 483, 491 [62 Cal.Rptr. 757, 432 P.2d 365].)

 A belated attempt to reconsider a decision which has become final cannot be upheld on the theory that it is a decision after reopening. To do so would be to deny due process. (*United States Pipe & Foundry Co.* v. *Industrial Acc. Com.,* 201 Cal.App.2d 545 [20 Cal.Rptr. 395].)

 In respect to the annulment of the award against Industrial Indemnity Company, it must be remembered that the court is not a fact finder. When on review the court holds that a finding is not supported by the evidence, it cannot find the fact in issue one way or the other. (*National Auto. Ins. Co.* v. *Industrial Acc. Com.,* 12 Cal.App.2d 377, 379 [55 P.2d 544].) The court annuls the award and remands the case to the appeals board for further proceedings on that issue if it does not affect other issues, or, as here, where the unsupported finding is on the basic jurisdictional issue of industrial causation it leaves the entire case at large for further proceedings. Upon remand the issues in question which were before the court on the review are then open for further hearing. (*Winthrop* v. *Industrial Acc. Com.,* 220 Cal. 114, 118 [29 P.2d

850]; *Nielsen* v. *Industrial Acc. Com.*, 220 Cal. 118, 120-121 [29 P.2d 852, 30 P.2d 995].)

"The path of the commission toward a free and full inquiry to ascertain the substantial rights of the parties is made clear by the framework of the act. The spirit of this legislation forbids a limitation upon the commission's power to inquire into the facts within narrower confines than those which define the jurisdiction of a trial court in a similar situation. There, upon an unqualified reversal of its judgment, issues of fact may be retried, and the lower court is bound by the law of the case unless the evidence on the second trial supplies the additional and necessary proof which was lacking in the former record. [Citation.] That such a limitation was not intended follows under the liberal construction enjoined upon the courts by the provisions of the act. This becomes more apparent when the situation is reversed and an award granting compensation in a particular case is annulled because the commission has exceeded its jurisdiction in finding, in the absence of competent evidence, that the injury arose out of and in the course of the employment. In our opinion it would be a violation of the spirit and intent of this legislation were its provisions to be construed as precluding the commission thereafter from allowing the employee to make a different record, if possible, which would support a finding in his favor on that issue." (*Winthrop* v. *Industrial Acc. Com.*, 220 Cal. 114, 117-118 [29 P.2d 850].) If the record is not changed in any substantial respect, the law of the case as established on the review would be determinative. (*Nielsen* v. *Industrial Acc. Com.*, 220 Cal.118, 121 [29 P.2d 852, 30 P.2d 995].)

The appeals board made new findings of fact on the claim against Industrial Indemnity on the original record without retrial of the issues and without notice of submission. Claimants did not object to this procedure. However, since they originally elected to proceed against all of the carriers, we think the original findings on the issues of industrial causation for the period of employment for which each carrier was responsible would be res judicata as to all of them in any subsequent proceeding for apportionment or contribution. It follows that even if claimants do not seek to make a new record, the carriers were entitled to an opportunity to do so.

The award is annulled. The matter is remanded to the appeals board with directions to hear and decide only the

claim against Industrial Indemnity Company after notice and an opportunity for further hearing on the factual issues has been given to all parties.

Files, P. J., and Kingsley, J., concurred.

The petition of respondent Liberty Mutual Insurance Co. for a hearing by the Supreme Court was denied February 28, 1968.