[No. B004663. Second Dist., Div. Six. Jan. 24, 1986.]

JAMES PATRICK NOLLAN et al., Petitioners and Respondents, v. CALIFORNIA COASTAL COMMISSION, Respondent and Appellant.

**COUNSEL**

John K. Van de Kamp, Attorney General, N. Gregory Taylor, Assistant Attorney General, and Jamee Jordan Patterson, Deputy Attorney General, for Respondent and Appellant.

Ronald A. Zumbrun, Robert K. Best, Timothy A. Bittle and John H. Lee for Petitioners and Respondents.

## OPINION

ABBE, J.—Appeal by California Coastal Commission (Commission) from judgment granting a peremptory writ of mandate to James and Marilyn Nollan (the Nollans). In its judgment the trial court held invalid the Commission's conditional approval of a coastal owner's development project. The condition imposed required the owners to provide lateral access to the public to pass and repass across the property between the mean high tide line to the toe of a revetment located on the property. The judgment ordered the Commission to issue the permit without the condition. We reverse the trial court and affirm the decision of the Commission.

The Nollans own a lot on the beach in the Faria Beach Tract in Ventura County. On March 1, 1982, they applied for a coastal development permit to demolish a 521-square-foot, one-bedroom, one-story, substandard beach house located on their lot. The Nollans proposed to replace it with a two-story, three-bedroom, 1,674-square-foot residence with attached two-car garage. Their stated intention is to live in the new residence permanently in contrast to the limited occasional vacation use by them and renters of the smaller structure.

The Commission placed the Nollans' application on what is known as the administrative permit calendar and approved it on April 7, 1982, with a condition requiring lateral public access. The Nollans objected to that condition and requested a full public hearing. This request was denied.

The Nollans then filed a petition for a writ of mandate. On January 18, 1983, after a hearing, the court ordered that a "writ of mandate shall issue from this court, remanding the proceedings to respondent and commanding respondent to set aside its decision of April 7, 1982 . . . and set the matter for a full evidentiary hearing."

Upon remand a full public hearing was held before the Commission. At the conclusion of the hearings, the Commission approved the Nollans' application permit again with the condition requiring lateral public access.

The Nollans filed a supplemental petition for writ of mandate. The trial court issued a peremptory writ commanding the Commission to issue the

permit without the condition requiring public access. The Commission appealed.

## Standard of Review

■ When the decision of an administrative agency neither involves nor substantially affects a fundamental vested right, the standard of review in both the trial and the appellate court is whether the findings are supported by substantial evidence. (*Georgia-Pacific Corp.* v. *California Coastal Com.* (1982) 132 Cal.App.3d 678, 697 [183 Cal.Rptr. 395].) The Nollans did not have a preexisting right to unregulated new construction. Since they were given the right to construct, the only question that remains is the reasonableness of the condition attached. We therefore review the administrative record to determine whether the Commission's decision is supported by substantial evidence in light of the whole record. (*City of San Diego* v. *California Coastal Com.* (1981) 119 Cal.App.3d 228, 232 [174 Cal.Rptr. 5].)

## Evidence

■ There is substantial evidence to support the decision of the Commission. The evidence considered by the Commission consisted of the following: Reports on twelve permits for demolition and reconstruction of single family residences in the Faria Beach tract and four other permits, the statewide interpretative guidelines on access, a Ventura beach study (which includes Faria beach), testimony from citizens, a report on an investigation of the existence of public rights acquired through implied dedication at Faria, including declarations by surfers who frequent Faria beach, excerpts from surfing publications about the area, a commission study on coastal access in San Diego, a study of cumulative impacts on shore-zoned development at Lake Tahoe, a handbook on coastal recreation for planners, three articles on coastal access problems encountered in other states, and a beach user study component of the Santa Monica Land Use Plan as well as slides, plans and documents submitted by the Nollans and Mr. Nollan's testimony.

This mass of evidence was and could be considered. The Commission may consider opinion evidence of experts, oral presentations at the public hearing, photographic evidence and writ materials prepared by its staff. (*City of Chula Vista* v. *Superior Court* (1982) 133 Cal.App.3d 472 [183 Cal.Rptr. 909].)

The trial court found that the evidence did not support a finding that the Nollans' project would create a "direct or cumulative burden on public

access to the sea." Since a direct burden on public access need not be demonstrated, we hold the trial court ruling to be in error.

*Discussion*

In *Grupe* v. *California Coastal Com.* (1985) 166 Cal.App.3d 148, 165 [212 Cal.Rptr. 578], the court construed the leading California case on the constitutionality of exactions, *Associated Home Builders, etc., Inc.* v. *City of Walnut Creek* (1971) 4 Cal.3d 633 [94 Cal.Rptr. 630, 484 P.2d 606, 43 A.L.R.3d 847], to hold that only an indirect relationship between an exaction and a need to which the project contributes need exist. We agree with the *Grupe* reasoning.

In *Grupe* the landowner owned one of six remaining undeveloped beach front lots in a group of twenty-nine adjacent lots in Santa Cruz County. The 29 lots were located between 2 beaches open to public use. Grupe applied for a permit to build a large single family residence to be located behind a cement wall on his lot. The Commission approved the permit subject to a requirement that Grupe offer to dedicate a public access easement between mean high tide and the cement wall.

The court in *Grupe* held that the access condition was related to a need for public access to which Grupe's project contributed, even though standing alone it had not created the need for access. The court reasoned the project was one more brick in the wall separating the people of California from the state's tidelands. (*Id.,* at p. 168.)

The *Grupe* court also held that the exaction did not constitute a "taking" because although it caused a diminution in the value of Grupe's property, it did not deprive him of the reasonable use of his property. (*Id.,* at pp. 175-176.)

As we pointed out in *Remmenga* v. *California Coastal Com.* (1985) 163 Cal.App.3d 623, 628 [209 Cal.Rptr. 628], the justification for required dedication is not limited to the needs of or burdens created by the project. Here the Nollans' project has not created the need for access to the tidelands fronting their property but it is a small project among many others which together limit public access to the tidelands and beaches of the state and, therefore, collectively create a need for public access. The cases of *Remmenga* and *Grupe* are dispositive here and require affirmation of the Commission's decision.

This case and *Grupe* differ in that *Grupe* involved construction of a residence on one of the few remaining vacant lots in the area. The difference

is irrelevant. The Commission found the Nollan project to be a new development. This finding was required by the provisions of Public Resources Code section 30212 which provides that new development does not include the demolition and reconstruction of a single-family residence if the reconstructed residence does not exceed either the floor area, height or bulk of the former structure by more than 10 percent and the reconstructed residence is sited in the same location on the effected property as the former structure. The Nollans' proposed new single-family residence exceeds the floor area, the height and bulk of the former structure by more than 10 percent and is not sited in the same location as the former structure. It is, therefore, new development as was the residence in question in the *Grupe* case.

The Nollans contend that since there is public access one-quarter to one-third of a mile in one direction and 1800 feet in the other direction from their property, adequate access exists within the meaning of that section. Public Resources Code section 30212 requires public access to be provided in new development projects except, among other things, where adequate access exists nearby.

The Nollans' property lies in an area where numerous dedications for public access have been made on nearly all the beach front parcels. Furthermore, there is no access to tidelands and the sea directly in front of the Nollans' lot, except by trespassing or boat at high tide. A limitation on the Commission from imposing lateral access in this case is contrary to the stated purpose of the Legislature in enacting the Coastal Act to provide maximum public access to and along the coast. The access in *Grupe* appears to be nearer to the landowners' property than in the instant case. This contention of the Nollans lacks merit.

The Nollans claim that since the Commission did not appeal when the superior court made its first order issuing a peremptory writ of mandate striking the condition, that order became the law of this case and that it is immune from collateral attack. Neither doctrine applies here.

When it issued its first peremptory writ, the trial court, among other things, remanded the proceedings to the Commission for a public hearing. At the public hearing on remand a mass of evidence was presented to the Commission. The record was changed substantially. The original Commission decision was made in an administrative permit context and no findings were made, no evidence was in the record other than the application, submissions and the executive director's statement of reasons and no hearing was held. ■ When a record is changed in any substantial respect the

law of the case doctrine does not apply. (*Marsh* v. *Workmen's Comp. App. Bd.* (1968) 257 Cal.App.2d 574, 581 [65 Cal.Rptr. 69].)

The application of either the doctrine of law of the case or collateral estoppel here would result in a substantial injustice since the rulings of the trial court were made before *Remmenga* and *Grupe* were decided. Both of those decisions clarified the law on the subject of the right of the Commission to impose conditions on issuing permits for new development.

■ "It is fundamental that the point relied upon as law of the case must have been *necessarily involved* in the case. Accordingly, a *dictum* is not binding. . . ." (6 Witkin, Cal. Procedure (2d ed. 1971) § 647, p. 4564.) Having determined to remand the matter for an evidentiary and public hearing, the balance of the orders made by the court in its first peremptory writ were dicta and the doctrine of law of the case does not extend to dicta. (*Stockton Theatres Inc.* v. *Palermo* (1956) 47 Cal.2d 469, 474 [304 P.2d 7].)

The judgment is reversed and the matter remanded with directions to deny the petition for writ of mandate.

Stone, P. J., and Gilbert, J., concurred.

A petition for a rehearing was denied February 18, 1986, and respondents' petition for review by the Supreme Court was denied April 30, 1986.