[Civ. No. 40941. First Dist., Div. Four. Aug. 1, 1978.]

KAISER FOUNDATION HOSPITALS,
PERMANENTE MEDICAL GROUP, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
CALIFORNIA SCHOOL FOR THE DEAF et al., Respondents.

414

**COUNSEL**

Airola & Ringgold and Lowell A. Airola for Petitioner.

Thelen, Marrin, Johnson & Bridges, James W. Baldwin and Robert W. Loeffler as Amici Curiae on behalf of Petitioner.

Charles L. Swezey, Philip M. Miyamoto, Thomas J. McBirnie, William B. Donohoe and Dexter W. Young for Respondents.

## OPINION

RATTIGAN, J.—On petition by Kaiser Foundation Hospitals/Permanente Medical Group (hereinafter Kaiser), we issued a writ of review to determine whether respondent Workers' Compensation Appeals Board erred in charging part of a fee awarded an applicant's attorney to Kaiser's recovery on its lien claim for medical services. (Lab. Code, §§ 4600, 4904.)[1]

The essential facts are not in dispute. The applicant was injured in the course and scope of her employment. Kaiser provided her with necessary medical treatment. She subsequently commenced a proceeding for benefits, in which she was represented at all pertinent times by an attorney. Kaiser filed a claim of lien in the proceeding.

Before the award in question was made, the applicant's attorney petitioned for an order "allowing attorney's fees against any payment ordered to Kaiser . . ." under its claim of lien. In the award, a board referee allowed the applicant permanent disability indemnity, specified medical-legal expenses, and an attorney's fee. The award also ordered Kaiser reimbursed on its lien claim in the sum of $365.80, but charged that amount with $50 of the attorney's fee.[2]

Kaiser had not participated in the proceeding except for filing the lien claim, nor had it been represented by an attorney. It promptly produced one, and challenged the attorney's fee charge in a petition for reconsideration of the award. The petition was granted. In its subsequent order and decision, the board affirmed the charge with a minor adjustment in its allocation of the attorney's fee between the applicant and Kaiser. The adjustment is not at issue on this review.

In the opinion and decision, the board stated that it affirmed the charge upon the authority of *Quinn* v. *State of California* (1975) 15 Cal.3d 162

---

[1]Except where otherwise indicated, all statutory references herein are to the Labor Code.

[2]In an "Opinion On Decision" filed with the award, the referee explained this disposition as follows: "An award for self-procured medical treatment will be allowed. Applicant sought treatment in an unsuccessful effort to relieve troublesome pain in her neck, which is reasonably related to her injury by history. Therefore, the Kaiser lien will be allowed in the total sum of $365.80 and attorneys' fees of $50.00 will be allowed from this amount for applicant's attorney's efforts to establish applicant's claim."

[124 Cal.Rptr. 1, 539 P.2d 761]. The facts in *Quinn* may be summarized by quoting it: "Plaintiff sustained serious injuries in the course of his work on a project for the construction of a dam; he consequently received workers' compensation benefits of $13,942. Plaintiff sued the state, which owned the construction site, alleging its negligence as the proximate cause of his injuries. (§ 3852; Rest.2d Torts, § 416.) On the first day of trial the insurance carrier which had paid the workers' compensation benefits filed a lien pursuant to section 3856 against any judgment that might result. The carrier did not otherwise participate in the litigation on behalf of the plaintiff.

"After a jury trial plaintiff received a verdict and judgment for $91,314.99; the trial court denied defendant's motion for a new trial and for judgment notwithstanding the verdict. Defendant's liability insurer (which by chance had also written the employer's workers' compensation policy) sent plaintiff a draft for $80,231.06, an amount reached by deducting from the judgment and statutory interest the full amount of the workers' compensation benefits paid to plaintiff. Urging that his attorney had performed all the work leading to the recovery, plaintiff then moved for an order apportioning his attorney's fee between himself and his employer. Denial of that motion led to this appeal." (15 Cal.3d at p. 166 [fns. omitted].)

The *Quinn* court pointed out that the question before it in these circumstances was whether section 3856 incorporated "the principle that an *active litigant* (here the worker) may require the *passive beneficiary* of his efforts (here the employer) to contribute toward the payment for the services of litigant's attorney which produced the recovery." (15 Cal.3d at p. 165 [italics added].) The court continued:

The principle finds expression in the equitable doctrine that "one who expends attorneys' fees in winning a suit which creates a fund from which others derive benefits, may require those passive beneficiaries to bear a fair share of the litigation costs." (15 Cal.3d at p. 167.) It has long standing in the California courts. (*Id.,* at p. 168.) It "might well" be applied in the *Quinn* circumstances, even without reference to section 3856, because of what they depicted: "An active litigant has, by bringing and winning this lawsuit, created a fund upon which a nonparticipant in the litigation can draw in order to relieve himself of a legal obligation he would otherwise bear . . . ." (*Ibid.*) The *Quinn* employer was more than a "mere lien creditor" because his rights "depend entirely upon the

worker's *success* in his third-party suit. Should he lose, the 'lien' evaporates; this contingency renders this case virtually identical to the usual 'common fund' situation." (Fn. 10, at pp. 168-169 [original italics].)

The court proceeded to hold that the principle had been incorporated into section 3856 as a matter of specific legislative intent. (15 Cal.3d at pp. 169-175.) Upon further concluding that it should be applied in *Quinn,* the court reversed the order denying the plaintiff's apportionment motion and remanded the cause with appropriate directions. (Pp. 175-176.)

■ The present proceeding was not a third-party suit involving section 3856, and respondent board is not a forum reached by that statute. Otherwise, the essential equation between it and *Quinn* is obvious. The applicant is an "active litigant" whose attorney did all the work underlying her recovery. Kaiser is a "passive beneficiary" for whom the work produced a parallel recovery.

Disputing this characterization of the parties, Kaiser argues that its "recovery was assured by operation of law and not by the applicant's attorney's efforts" because (1) the referee could be relied upon to raise and decide the issue of self-procured medical treatment in all events and, (2) once he did, Kaiser's recovery under its lien claim "would follow by operation of law." This argument rests upon the premise that Kaiser's right to be reimbursed under its lien claim would somehow prove itself. The premise fails.

In the first place, the reimbursement of Kaiser for the applicant's self-procured medical treatment was "compensation" awarded to her. (See §§ 3207, 3752, 4600; *Pacific Employers Ins. Co.* v. *French* (1931) 212 Cal. 139, 141 [298 P. 23].) Secondly, there was a real issue as to whether the treatment was related to the injury. Kaiser treated the applicant four years after she was injured, and the evidence on the relationship was in conflict. The referee resolved the conflict in the applicant's and Kaiser's favor. (See fn. 2, *ante.*) The record shows that the work of her attorney produced this result. As was true of the employer in *Quinn,* Kaiser was more than a mere "lien creditor"; its recovery was contingent upon the result achieved by the attorney. (*Quinn* v. *State of California, supra,* 15 Cal.3d 162 at pp. 168-169 [fn. 10].) These factors made Kaiser the "passive beneficiary" of successful efforts by an "active litigant." (*Id.,* at pp. 168-169.)

■

For the reasons stated, respondent board properly followed *Quinn* in principle. ▮ The terminal question is whether it had the power to invoke an equitable rule which *Quinn* traces to judicial sources and exacts of any conventionally judicial forum reached by its express terms. (*Quinn* v. *State of California, supra,* 15 Cal.3d 162 at pp. 167-168, 175.)

The judicial tenor of the rule does not make it unavailable to the board in an appropriate case. The board is a creature of the "plenary power" with which the people have "expressly vested" the Legislature. (Cal. Const., art. XIV, § 4.) The Legislature has in turn vested it with powers which are both plenary and ancillary. (§§ 133, 5300, 5301.) The Supreme Court has explicitly held that the board (i.e., its statutory predecessor) is invested with broad equitable powers. (*Bankers Indem. Ins. Co.* v. *Indus. Acc. Com.* (1935) 4 Cal.2d 89, 94-98 [47 P.2d 719].)

These sources demonstrate that the board is empowered to exercise the equitable rule of *Quinn.* The rule is a variation of the equitable maxim that one "who takes the benefit must bear the burden." (Civ. Code, § 3521.) It sounds in simple fairness and produces substantial justice. Both are missions which the board pursues in parity with any court.

The decision after reconsideration is affirmed.

Caldecott, P. J., and Paik, J.,* concurred.

Petitioner's application for a hearing by the Supreme Court was denied September 27, 1978.

---

*Assigned by the Chairperson of the Judicial Council.