[Civ. No. 50972. Second Dist.. Div. Three. Feb. 28. 1979.]

KAISER FOUNDATION HOSPITALS et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD,
ARTHUR J. KAUSE et al.. Respondents.

508

**COUNSEL**

Thelen, Marrin, Johnson & Bridges, James W. Baldwin, Robert W. Loeffler and W. Ernest Mooney for Petitioners.

Charles L. Swezey, Frank H. Batlin, Philip M. Miyamoto, Thomas J. McBirnie, William B. Donohoe, Dexter W. Young and Richard W. Younkin for Respondents.

**OPINION**

**COBEY, Acting P. J.—** ▮ Petitioners Kaiser Foundation Hospitals and Southern California Permanente Medical Group (Kaiser) contend that the Workers' Compensation Appeals Board (WCAB) erred in equitably charging part of the injured worker's attorneys fee against its lien filed in the workers' compensation proceedings pursuant to Labor Code sections 4600 and 4903[1] for reimbursement of medical services rendered or paid for by it. Kaiser also objects to the charging of a fee to it as it never received notice of any proceedings in this matter and prior to the assessment of the fee it never received notice from the WCAB that it was to be so charged with an attorneys fee. While we affirm the WCAB with respect to its holding that it has the equitable power to so apportion an attorneys fee, we hold that the procedure here followed by the WCAB in assessing the fee requires its annullment.

I

Respondent Arthur J. Kause filed a claim with the WCAB alleging that while employed by respondent Arden-Mayfair Inc. (Arden-Mayfair) he sustained injury to his back, arising out of and occurring in the course of employment. Arden-Mayfair at all times disputed that Kause sustained injury to his back as the result of said employment.

[1]Hereinafter. unless indicated to the contrary all references will be to the Labor Code.

Kaiser provided medical services to Kause for his back and filed a lien for such services in the workers' compensation proceedings for $7,686.40.

The WCAB acknowledges that Kaiser received no prior notice of the one hearing held on Kause's claim.

On April 2, 1976, a findings and award issued whereunder it was held that Kause had sustained injury to his back arising out of and occurring in the course of his employment. It was also found that Kause was entitled to reimbursement for self-procured medical treatment, including payment of Kaiser's lien for $7,686.40. The judge, however, charged to Kaiser against its lien $700 in attorneys fee payable to Kause's attorney.

Kaiser contends, without contradiction, that it did not receive notice of the apportionment of attorneys fee until after the award issued when it received a check for $6,986.40 from Arden-Mayfair in payment of its lien claim.

Kaiser then sought reconsideration by the WCAB. The WCAB initially granted reconsideration pending its decision on other cases before it which concerned the same issue. Thereafter, the WCAB affirmed the apportionment of the attorneys fee against Kaiser's lien.

## II

*Kaiser Foundation Hospitals* v. *Workers' Comp. Appeals Bd. (California School for the Deaf)* (1978) 83 Cal.App.3d 413 [148 Cal.Rptr. 54] and our decision issued concurrently herewith of *Kaiser Foundation Hospitals* v. *Workers' Comp. Appeals Bd. (Brennan)* (1979) *ante*, page 493 [154 Cal.Rptr. 760] establish the WCAB's power to equitably apportion attorneys fees. The question then becomes whether the lack of notice to Kaiser precludes the application of the doctrine in this case.

The WCAB concedes that because of a "clerical error" Kaiser was not given notice of the one hearing held in this matter. The WCAB states that normally Kaiser would have been sent notice of the hearing. In the WCAB's view this lack of notice did not prejudice Kaiser because Kaiser did not ever indicate an intention to participate on its own behalf in this matter.

The power of the WCAB to apportion attorneys fees is based upon a general equitable theory rather than upon an express statutory provision.

(See *Kaiser Foundation Hospitals v. Workers' Comp. Appeals Bd., supra,* 83 Cal.App.3d at pp. 417-418.) Being an equitable principle, it must be applied equitably.

The basis of the principle of the equitable apportionment of attorneys fees is that the nonparticipant in the litigation should bear a fair share of the litigation costs borne by the active litigant. We hold that Kaiser was entitled to a notice of the hearing so that it might decide whether it desired to be an active participant. Had it been such, it could not be charged any portion of the fee of Kause's attorney since its own representative would have taken care of representation of its interest in the matter.[2]

Some additional comments regarding WCAB procedure in this sort of situation appear to be in order. The WCAB's position is that in the case where it is appropriate to equitably apportion attorneys fees, the lien claimant is not entitled to notice of the WCAB's intention to do so *prior* to the time the WCAB actually does so. We disagree. As we have stated, since we deal with an equitable principle, the medical lien claimant is entitled to be dealt with equitably.

In the settlement situation where the parties submit a compromise and release to the WCAB for approval (see § 5001), prior to the approval of the settlement by the WCAB the lien claimant who is to be charged with a portion of the attorneys fee should be served with a copy of the compromise and release which must contain a statement that the injured worker asserts the right to so charge the lien claimant. The compromise and release should further contain a statement of the exact portion or percentage of the overall attorneys fee that the injured worker proposes the WCAB order to be charged to the lien claimant and detail the basis therefor. After service of the proposed settlement and prior to the approval by the WCAB, the lien claimant must be given a reasonable time to object to the proposed allocation. (Cf. WCAB Rules of Practice and Procedure (Cal. Admin. Code, tit. 8, ch. 4.5, subch. 2) § 10886.)

[2]We do not consider the situation of a medical claimant who does not file a lien but after a favorable award claims payment for its medical costs.

Likewise. the situation we are discussing involves payment of the Kaiser lien in full. Therefore "Gregory formula" considerations involving reduction of Kaiser's lien pursuant to section 4903.1. subdivision (c) are not present. (See *Kaiser Foundation Hospitals v.. Workers' Comp. Appeals Bd. (Gregory)* (1978) 87 Cal.App.3d 336 [151 Cal.Rptr. 368].)

We neither intimate nor decide the question of the application of the doctrine of equitable apportionment of attorneys fees where the medical lien claimant's lien is reduced pursuant to the "Gregory formula." (*Brennan, supra, ante,* page 499, fn. 9.)

In the situation where the matter proceeds to a findings and award, the attorneys fee should not be apportioned until *after* the findings and award issues and the overall attorneys fee has been set thereunder. Once the findings and award is issued the injured worker should then petition the WCAB to apportion the attorneys fee between him and the nonlitigating medical lien claimant with proper notice being given to the latter. (Cf. *Quinn* v. *State of California* (1975) 15 Cal.3d 162, 175 [124 Cal.Rptr. 1, 539 P.2d 761].)[3]

We annul the award of attorneys fee and remand the matter to the WCAB for further proceedings consistent herewith. Of course, on remand, the WCAB may wish to reconsider the amount of attorneys fee awarded to Kause's attorney to avoid undue hardship upon Kause in light of the fact that no portion of this fee will be chargeable to Kaiser.

Allport, J., and Potter, J., concurred.

A petition for a rehearing was denied March 29, 1979, and the petition of the respondent Workers' Compensation Appeals Board and the application of the petitioners for a hearing by the Supreme Court were denied May 30, 1979.

---

[3]The WCAB may wish to provide by rule that prior to formal attorneys fee apportionment proceedings the injured worker's attorney and the medical lien claimant attempt an apportionment on their own subject to WCAB approval.