[Civ. No. 51123. Second Dist., Div. Three. Feb. 28, 1979.]

KAISER FOUNDATION HOSPITALS et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD,
ELIZABETH C. KELSO et al., Respondents.

---

COUNSEL

Thelen, Marrin, Johnson & Bridges, James W. Baldwin, Robert W. Loeffler and W. Ernest Mooney for Petitioners.

Charles L. Swezey, Frank H. Batlin, Philip M. Miyamoto, Thomas J. McBirnie, William B. Donohoe, Dexter W. Young and Richard W. Younkin for Respondents.

---

OPINION

COBEY, Acting P. J.—Petitioners Kaiser Foundation Hospitals and Southern California Permanente Medical Group (Kaiser) contend that the Workers' Compensation Appeals Board (WCAB) erred in equitably charging against its lien for medical services provided to an injured worker (see Lab. Code, §§ 4600 and 4903) a specific portion of the injured worker's attorneys fee where the amount of Kaiser's lien had not been ordered paid but only left to be adjusted thereafter by Kaiser and the respondent employer.[1]

---

[1]Kaiser also challenges the power of the WCAB to equitably apportion attorneys fees. We summarily reject such contention in light of *Kaiser Foundation Hospitals v. Workers' Comp. Appeals Bd. (California School for the Deaf)* (1978) 83 Cal.App.3d 413 [148 Cal.Rptr. 54] and our decision today in *Kaiser Foundation Hospitals v. Workers' Comp. Appeals Bd. (Brennan)* (1979) *ante,* page 493 [154 Cal.Rptr. 760].

We do not have before us the question of equitable apportionment of attorneys fees where the medical lien claimant's lien has been reduced pursuant to the "Gregory formula" (see *Kaiser Foundation Hospitals v. Workers' Comp. Appeals Bd. (Gregory)* (1978) 87 Cal.App.3d 336 [151 Cal.Rptr. 368]) under Labor Code section 4903.1 (*Brennan, supra, ante,* p. 499. fn. 9).

I

We are here involved with the claim by the dependent spouse of a worker for workers' compensation death benefits and benefits accrued prior to the worker's death. (See Lab. Code, § 4700 et seq.)

The worker's employer, respondent City of Los Angeles (City), at all times disputed that any industrial injury or industrially related death had occurred. The spouse's claim was fully and extensively litigated by the dependent spouse to an ultimately successful conclusion.

Kaiser provided medical care to the worker prior to his death and filed a lien in the amount of $13,631.05 in the proceedings. Other than filing a lien, Kaiser did not participate in the actual litigation of dependent spouse's claim to which it asserted the right of a lien pursuant to Labor Code sections 4600 and 4903.

■ In the findings and award the workers' compensation judge ordered the lien of Kaiser to be "adjusted by the parties" but reserved jurisdiction on the lien if the parties were unable to agree. (See *Kaiser Foundation Hospitals* v. *Workers' Comp. Appeals Bd. (Vornado, Inc.)* (1978) 82 Cal.App.3d 39, 44-46 [147 Cal.Rptr. 30].)

With regard to the attorneys fee the judge found that the reasonable value of the services in this matter rendered by the dependent spouse's attorneys was $5,000 and that $1,300 of this fee was chargeable to Kaiser under the doctrine of equitable apportionment.

Kaiser argues that it was error to charge it an exact portion of the total fee since the amount it will receive on its lien is not yet certain. We agree. The assessment of the exact fee at this time is premature.

II

In *Mann* v. *City of Los Angeles* (WCAB en banc opn., 1978) 43 Cal.Comp.Cases 582 the WCAB held that a specific attorneys fee may be equitably charged against a lien claimant based upon the full amount of the lien even though the lien is ordered subject to adjustment by the parties. The WCAB reasoned that if the lien claimant is later determined not entitled to full recovery on its lien, the fee charged to the lien claimant can then be adjusted downwards in accordance with the lesser amount of the recovery.

We disagree with this holding. There is no reason to apportion to Kaiser its equitable share of the dependent spouse's attorneys fee until the amount Kaiser will receive in satisfaction of its lien has been determined.

The WCAB's opinion and order denying reconsideration is annulled. The matter is remanded to the WCAB for further proceedings consistent with this opinion.

Allport, J., and Potter, J., concurred.

A petition for a rehearing was denied March 29, 1979, and petitioners' application for a hearing by the Supreme Court was denied May 30, 1979.