[L.A. No. 31193. Dec. 22, 1980.]

SAN DIEGO TRANSIT CORPORATION, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
LINDA RENFRO, Respondents.

COUNSEL

John W. Mullen and Arthur W. Jones for Petitioner.

Kegel & Tobin and David E. Lister as Amici Curiae on behalf of Petitioner.

Richard W. Younkin, William B. Donohoe, Dexter W. Young, Charles L. Swezey, Stanley L. Levine and Domnitz & Prochazka for Respondents.

Warren L. Hanna, William L. Veen, Clark G. Leslie, Franklin O. Grady and Robert J. Calvert as Amici Curiae on behalf of Respondents.

OPINION

MOSK, J.—This is a companion case to *Webb v. Workers' Comp. Appeals Bd., ante,* page 621 [170 Cal.Rptr. 32, 620 P.2d 618]. Here

employer San Diego Transit Corporation, refusing to pay temporary rehabilitation benefits until its injured employee was actually enrolled in a rehabilitation program, contended that Labor Code section 139.5 does not require earlier payment. ■ For the reasons stated in *Webb*, we construe section 139.5 to mean that temporary rehabilitation benefits accrue from the time the employee requests rehabilitation unless the employer has breached its duty to offer rehabilitation services to the employee, in which case benefits accrue from the time of the breach.

One factual difference between this case and *Webb* deserves discussion lest it cause confusion in the application of our holding. After the injured employee requested rehabilitation benefits and chose a rehabilitation plan, the employer challenged her physical ability to do the job for which the plan would prepare her. Employee's fitness for the job, however, was ultimately confirmed by the rehabilitation bureau. Employer contends in effect that its good-faith challenge of employee's eligibility should have absolved it of responsibility for temporary rehabilitation benefits at least until the formal determination of employee's fitness was made. This contention is contrary to both the letter and the spirit of the law.

In the first place, section 139.5 provides that an employee is entitled to rehabilitation and its attendant benefits if he or she is a "qualified injured workman." (Subd. (c).) The relevant regulation, clearly authorized by statute (Lab. Code, § 139.5, subd. (a)(2)), defines that term to include those who are unable to return to their customary occupations and who can "reasonably be expected to return to suitable gainful employment through the provision of vocational rehabilitation services." (Cal. Admin. Code, tit. 8, § 10003, subd. (a).) An employer's challenge of his employee's fitness for participation in a particular rehabilitation plan is not necessarily a challenge of the employee's status as a qualified injured worker. Therefore, even a successful challenge to a specific proposed plan is analytically insufficient to affect the employee's right to other rehabilitation benefits.

Secondly, even if the employer contends its employee is not a qualified injured worker, no delay of temporary rehabilitation benefits should result so long as the issue is ultimately resolved in the employee's favor. The statute requires only that the employee be a qualified injured worker, not that he be formally adjudicated as such. As we have

said in a somewhat different context, "an employer or carrier has no absolute right to delay the provision of benefits until a formal hearing." (*Kerley* v. *Workmen's Comp. App. Bd.* (1971) 4 Cal.3d 223, 227 [93 Cal.Rptr. 192, 481 P.2d 200].) Here, employer had no right to delay at all, as the statute and its history give no hint that such a delay is to be permitted, but on the contrary strongly imply it is not to be tolerated.

The statute's overriding purpose would be subverted by a rule allowing employers to forestall their duty to pay temporary rehabilitation benefits by challenging their injured employees' eligibility. The inherent effect of such a rule would be to increase the number of employer challenges to employee eligibility and thereby hinder the implementation of rehabilitation plans. But the Legislature envisioned a scheme in which vocational rehabilitation would commence as soon as the employee was fit to participate. (*Webb, ante*, pp. 627-628; *Ponce De Leon* v. *Glaser Brothers* (1977) 42 Cal.Comp.Cases 962, 968.) Prompt initiation and completion of vocational rehabilitation was a paramount objective. Were employer's position adopted, that objective would be thwarted by an irresistible incentive for delay.

Furthermore, because it would be likely to make challenges of eligibility routine, such a rule would in practical effect shift the primary responsibility for initiating rehabilitation from the employer to the Rehabilitation Bureau; this, too, is contrary to legislative intent. (*Webb, ante*, pp. 628-630.) The foreseeable increase in administrative delays and expense such a shift would engender stands as persuasive evidence of the wisdom of the Legislature in placing the duty where it now lies —on the employer.

Finally, we observe that successful rehabilitation requires the cooperation of both the employer and the employee. The purpose of the vocational rehabilitation scheme is not to pit one against the other, but to bring them together to find an adequate means by which the employee may quickly return to maximum independence and productivity. The employee's interest in accomplishing this objective has always been clear. Our rule herein guarantees the employer will recognize his own interest in promptly taking whatever steps are necessary to provide effective rehabilitation training.

The decision of the board is annulled and the case is remanded for further proceedings consistent with this opinion and *Webb*.

Bird, C. J., Tobriner, J., Clark, J., Richardson, J., Manuel, J., and Newman, J., concurred.

Petitioner's application for a rehearing was denied February 5, 1981.