[A039133. First Dist., Div. Two. Mar. 25, 1988.]

DAVE ARMODIA, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, ENTERPRISE
ROOFING et al., Respondents.

COUNSEL

Eugene R. Oreck for Petitioner.

Richard J. Cantrell as Amicus Curiae on behalf of Petitioner.

Dennis M. Kuba for Respondents.

OPINION

BENSON, J.—Petitioner Dave Armodia (applicant) seeks review of that portion of a decision of the Workers' Compensation Appeals Board (Board) which denied him retroactive vocational rehabilitation temporary disability (VRTD) benefits after he had prevailed on appeal from an order of the Rehabilitation Bureau (Bureau). We conclude that applicant, having prevailed on appeal, was entitled to VRTD benefits retroactive to October 3, 1985, the date the Bureau found applicant was entitled to further rehabilitation services, and that the Board erred as a matter of law when it found that applicant's benefits should commence on March 30, 1987, the date the workers' compensation judge (WCJ) affirmed the order of the Bureau.

Applicant, a 21-year-old apprentice roofer employed by Enterprise Roofing, insured by California Compensation & Fire Co. (respondents), sustained injury to his back on April 17, 1984, while tearing off a roof. Applicant received temporary total disability indemnity and medical treatment, and on January 10, 1985, the Bureau found that applicant was a qualified injured worker entitled to vocational rehabilitation benefits. A plan was developed for 60 days of direct job placement. Applicant made some contacts, but applicant was unsuccessful in finding employment.

At the end of the 60-day period, respondents requested case closure on the ground that the time had elapsed and applicant had not devoted sufficient effort to locating a job. Although he had not obtained employment, applicant, who was represented by counsel, did not object to the request for case closure. Shortly thereafter, applicant moved to San Diego to live with relatives and to search for jobs. In June of 1985, applicant contacted his attorney to request further vocational rehabilitation benefits because he had been unable to obtain employment in San Diego.

On June 11, 1985, applicant's attorney requested reopening of rehabilitation. On August 30, 1985, after applicant had returned to his parents' home in Martinez, the Bureau scheduled a conference where the parties presented information supporting their respective positions. On October 3, 1985, the Bureau found that applicant was entitled to further vocational rehabilitation services, to wit, a 30-day evaluation by a new counselor to determine whether applicant was capable of benefitting from further vocational rehabilitation services. Commencement of further rehabilitation services was deferred pending the results of a medical examination to determine whether applicant could participate in rehabilitation at that time and to identify his current level of physical limitations if he was able to participate.

Respondents appealed the decision of the Bureau to the Board. In the appeal, respondents took the position that they had satisfied their obligation by providing applicant with a viable rehabilitation plan, once extended, of which applicant did not take advantage; that applicant did not object to case closure; and that in any event applicant had not demonstrated good cause to reopen his rehabilitation. The appeal was before the WCJ at the time of the hearing on applicant's other benefits.

On March 30, 1987, the WCJ found that applicant had sustained industrial injury and that the injury caused temporary total disability "on a medical basis" through September 17, 1985, for which applicant had been compensated. The WCJ also found that applicant's condition had become permanent and stationary on September 17, 1985, and made an award of permanent disability of 18 percent, reimbursement of self-procured medical

treatment and further medical treatment. The WCJ affirmed the Bureau's order of October 3, 1985, concluding that applicant was entitled to further vocational rehabilitation services, but only from the date of the WCJ's decision. The WCJ decided it would be "equitable" to relieve respondents of the responsibility of paying retroactive VRTD to the date of applicant's request for further services because of "applicant's own partial contribution to the failure of the [initial] placement plan."

Applicant petitioned for reconsideration of that portion of the WCJ's order denying retroactive VRTD, contending that because applicant had prevailed on appeal he was entitled to retroactive VRTD from October 3, 1985, the date the Bureau found he was entitled to further rehabilitation services, and that the WCJ had exceeded his power in arriving at an "equitable" resolution contrary to Supreme Court decisions in *Webb* v. *Workers' Comp. Appeals Bd.* (1980) 28 Cal.3d 621 [170 Cal.Rptr. 32, 620 P.2d 618] and *San Diego Transit Corp.* v. *Workers' Comp. Appeals Bd.* (*Renfro*) (1980) 28 Cal.3d 635 [170 Cal.Rptr. 40, 620 P.2d 626].

In his report and recommendation on the petition for reconsideration, the WCJ concluded that the *Webb* and *Renfro* decisions were not applicable because applicant's initial eligibility as a qualified injured worker was not at issue; the issue was whether applicant, already determined to be a qualified injured worker, had shown good cause to reopen for further vocational rehabilitation benefits. Although the WCJ agreed with the Bureau that applicant needed further assistance in order to obtain employment, he concluded: "As a matter of equity" applicant should not be rewarded by retroactive payment of VRTD "for the almost two years that he has failed to help himself." In denying reconsideration, the Board adopted the WCJ's report and recommendation.

Labor Code section 139.5, subdivision (c), provides: "When a qualified injured worker *chooses* to enroll in a rehabilitation program, he or she *shall continue to receive temporary disability indemnity payments,* plus additional living expenses necessitated by the rehabilitation program, together with all reasonable and necessary vocational training, at the expense of the employer or the insurance carrier, as the case may be." (Italics added.)

In *Bekins Moving & Storage Co.* v. *Workers' Comp. Appeals Bd.* (1982) 137 Cal.App.3d 665 [187 Cal.Rptr. 226], the court held that an applicant should be permitted to make his choice to enroll in a rehabilitation program at any time during the first five years after the injury and that, as a matter of law, his exercise of that choice constituted "good cause" to reopen the award for a possible addition of rehabilitation benefits. The court did not consider what showing must be made to reopen if an applicant actually

enrolls in a rehabilitation program, drops out, and then seeks to reenroll. (*Id.,* at pp. 672-673, and fn. 2.)

In *Fraile* v. *Dzurilla & Dymond Construction Co. et al.* (1982) 47 Cal.Comp.Cases 523, the Board in an in-bank decision found that vocational rehabilitation, previously discontinued, also is subject to reopening for good cause under Labor Code section 5803. (*Id.,* at p. 525.) The Board stated: " 'Ordinarily, the good cause necessary to reopen under Lab. Code § 5803 means new evidence not previously before the Board that would affect the original decision. . . .' " (*Id.,* at p. 524.) The Board applied the same standard to a question of good cause to reopen a rehabilitation matter, stating, "It is not difficult to envision, for instance, that the applicant may have a change of circumstances—personal or medical or motivational—that makes him or her more likely to benefit from a rehabilitation effort now than before." (*Id.,* at p. 526.)

The Bureau has provided by rule for resumption of previously discontinued rehabilitation services. The form by which the employee requests resumption of services "must be accompanied by a statement of facts and/or medical or vocational reports indicating a change in the employee's circumstances and that further rehabilitation services are now appropriate." (Cal. Code Regs., tit. 8, § 10005, subd. (c); 1A Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed. 1987 rev.) § 19.07 [3], p. 19-52.) A letter petition to reopen may also be used. (Cal. Workers' Compensation Practice (Cont.Ed.Bar 3d ed. 1985) § 15.36, pp. 669-670.)

Here the Bureau, after a formal conference, found that applicant had shown good cause to reopen his vocational rehabilitation. In affirming the Bureau's order, the judge was "not persuaded that the [insurance carrier] had carried its burden of proof on appeal."[1]

There is no challenge to the sufficiency of the evidence to support the Board's finding that applicant is entitled to further rehabilitation services. Respondents did not seek reconsideration or review, and that finding is final and binding on the Board. (*Marsh* v. *Workmen's Comp. App. Bd.* (1968) 257

---

[1] In the area of rehabilitation benefits, the Bureau operates under the appellate supervision of the Board. (*Bussear* v. *Workers' Comp. Appeals Bd.* (1986) 181 Cal.App.3d 186, 188 [226 Cal.Rptr. 242], fn. 1; *Bekins Moving & Storage Co.* v. *Workers' Comp. Appeals Bd., supra,* 137 Cal.App.3d 665, 672.) A party aggrieved by a decision of the Bureau may file an appeal. (Cal. Code Regs., tit. 8, § 10008.) The appeal "shall be assigned, heard and determined in the same manner as proceedings instituted for the collection of other compensation *except that the burden of proof shall be on the person disputing the finding or determination of the Rehabilitation Bureau.*" (Cal. Code Regs., tit. 8, § 10958, italics added; 1A Hanna, Cal. Law of Employee Injuries and Workmen's Compensation, *op. cit. supra,* § 19.07[4][e], pp. 19-55–19-56; Cal. Workers' Compensation Practice, *op. cit. supra,* § 15.44, p. 675.)

Cal.App.2d 574, 580 [65 Cal.Rptr. 69].) ■ Review by this court, therefore, shall not be extended further than to determine, based upon the entire record, whether the Board acted without or in excess of its powers in devising its "equitable" solution with regard to the commencement of payment of VRTD. (Lab. Code, § 5952; *Braewood Convalescent Hospital* v. *Workers' Comp. Appeals Bd.* (1983) 34 Cal.3d 159, 164 [193 Cal.Rptr. 157, 666 P.2d 14].)

■ The general rule is that entitlement to VRTD commences on the date an employee, entitled to receive rehabilitation services, requests rehabilitation services. Such payments shall continue during entitlement to vocational rehabilitation services unless the Bureau orders otherwise. (Cal. Code Regs., tit. 8, § 10016; *Webb* v. *Workers' Comp. Appeals Bd., supra,* 28 Cal.3d 621, 633-634; *San Diego Transit Corp.* v. *Workers' Comp. Appeals Bd. (Renfro), supra,* 28 Cal.3d 635, 637-638.)[2]

While the Board may deny retroactive VRTD benefits in cases where the injured worker is ultimately found unqualified (*Blunt* v. *Southern California Permanent Medical Group* (1984) 49 Cal.Comp.Cases 678; cf. *General Foundry Service* v. *Workers' Comp. Appeals Bd.* (1986) 42 Cal.3d 331, 340, fn. 6, [228 Cal.Rptr. 243, 721 P.2d 124], and *Industrial Indemnity Co.* v. *Workers' Comp. Appeals Bd.* (1985) 165 Cal.App.3d 633, 639-640 [211 Cal.Rptr. 683]), the rule is otherwise when the Board has ultimately determined that the employee is a qualified injured worker entitled to rehabilitation benefits. (*Webb* v. *Workers' Comp. Appeals Bd., supra,* 28 Cal.3d 621, 633; *San Diego Transit Corp.* v. *Workers' Comp. Appeals Bd. (Renfro), supra,* 28 Cal.3d 635, 637-638; *Pereira* v. *Workers' Comp. Appeals Bd.* (1987) 196 Cal.App.3d 1, 6 [241 Cal.Rptr. 302], rev. den.; *Blunt* v. *Southern California Permanent Medical Group, supra,* 49 Cal.Comp.Cases 678, 682; Cal. Code Regs., tit. 8, § 10016; 1A Hanna, Cal. Law of Employee Injuries and Workmen's Compensation, *op. cit. supra,* § 19.05[1][b], pp. 19-34–19-34.1; 2 Herlick, Cal. Workers' Compensation Law (3d ed. 1987) § 21.4, pp. 778-778.2.) As the court stated in *Renfro,* "even if the employer contends its employee is not a qualified injured worker, no delay of temporary rehabilitation benefits should result so long as the issue is ultimately

---

[2]After the *Webb* and *Renfro* decisions, California Code of Regulations, title 8, section 10016, was amended to provide:

"(a) Entitlement to rehabilitation temporary disability indemnity payments shall commence on the date an employee, entitled to receive rehabilitation services, requests rehabilitation services. Such payments shall continue *during entitlement to vocational rehabilitation services unless the Rehabilitation Bureau orders otherwise.*

"(b) Where the employer or insurer has breached its duty to comply with the reporting requirements of Section 10004 and/or failed to advise the employee of his/her rights to vocational rehabilitation services, entitlement to such payments shall commence from the date of such breach." (Italics added.)

resolved in the employee's favor." (*San Diego Transit Corp.* v. *Workers' Comp. Appeals Bd.* (*Renfro*), *supra,* 28 Cal.3d 635, 637.)

 Although the Board is invested with broad equitable powers (*Kaiser Foundation Hospitals* v. *Workers' Comp. Appeals Bd.* (1978) 83 Cal.App.3d 413, 418 [148 Cal.Rptr. 54]; *Bankers Indem. Ins. Co.* v. *Indus. Acc. Com.* (1935) 4 Cal.2d 89, 94-98 [47 P.2d 719]), the Board's equitable powers cannot be extended to abrogate rules laid down by the Supreme Court in decisions such as *Webb* and *Renfro,* and confirmed recently in *General Foundry Service* v. *Workers' Comp. Appeals Bd., supra,* 42 Cal.3d 331. In *General Foundry Service,* the court reaffirmed the strong policy in favor of rehabilitation, stating that "[a]n employee has a statutory 'right to rehabilitation and a *right to continued payment of temporary disability benefits from the moment of his choice to undergo rehabilitation.*' (*Webb, supra,* at p. 628; § 139.5.)" (*Id.,* at p. 340, and fn. 6, italics added.) The court also noted that once the Bureau has determined that the employee is a qualified injured worker under Labor Code section 139.5, the employer has the duty to develop a rehabilitation plan for him so that he may return " 'as soon as practicable . . . to maximum self-support . . . .' (Cal. Code Regs., tit. 8, § 10003, subd. (h).)" (*Id.,* at p. 340.)

The Legislature has sought to encourage the fullest possible participation in rehabilitation training by injured workers in order to enable them to return to the work force as soon as practicable. (*LeBoeuf* v. *Workers' Comp. Appeals Bd.* (1983) 34 Cal.3d 234, 242 [193 Cal.Rptr. 547, 666 P.2d 989]; *Webb* v. *Workers' Comp. Appeals Bd., supra,* 28 Cal.3d at pp. 628-629; *San Diego Transit Corp.* v. *Workers' Comp. Appeals Bd.* (*Renfro*), *supra,* 28 Cal.3d 635, 638; *Bussear* v. *Workers' Comp. Appeals Bd., supra,* 181 Cal.App.3d 186, 193-194.) We fail to see how the legislative objective will be advanced if the Board applies a different rule to an employee, once found to be a' qualified injured worker, who seeks to reopen for further rehabilitation services.

The rule of liberal construction must be applied to rehabilitation matters, and the recurrent theme of countless appellate decisions on the matter has been one of pervasive and abiding solicitude for the worker. (*Veilleux* v. *Workers' Comp. Appeals Bd.* (1985) 175 Cal.App.3d 235, 239-242 [220 Cal.Rptr. 568]; *Industrial Indemnity Co.* v. *Workers' Comp. Appeals Bd., supra,* 165 Cal.App.3d 633, 638; *Webb* v. *Workers' Comp. Appeals Bd., supra,* 28 Cal.3d 621, 626.)

Under the rules, VRTD payments "shall continue during entitlement to vocational rehabilitation services unless the Rehabilitation Bureau orders otherwise." (Cal. Code Regs., tit. 8, § 10016, subd. (a).) The Board's order,

setting the date of commencement of VRTD as the date of the WCJ's decision affirming the decision of the Bureau, abrogates the foregoing rule and rules laid down in *Webb* and *Renfro,* rules which are designed to "guarantee[ ] the employer will recognize his own interest in promptly taking whatever steps are necessary to provide effective rehabilitation training." (*San Diego Transit Corporation* v. *Workers' Comp. Appeals Bd.* (*Renfro*), *supra,* 28 Cal.3d 635, 638.)

Applicant, having prevailed on appeal, was entitled to VRTD benefits retroactive to October 3, 1985, the date the Bureau found that applicant was entitled to further rehabilitation services.[3] The Board erred as a matter of law when it found that applicant's benefits should commence on the date of the WCJ's decision. Were respondents' position adopted, the paramount objective of the statute—the prompt initiation and completion of vocational rehabilitation—would be thwarted by an irresistible incentive for delay. (*San Diego Transit Corp.* v. *Workers' Comp. Appeals Bd.* (*Renfro*), *supra,* 28 Cal.3d 635, 638.)

The Board's order of May 19, 1987, is annulled, and the matter is remanded to the Board for further proceedings consistent with this opinion. Applicant shall recover his costs.

Kline, P. J., and Smith, J., concurred.

---

[3] "Rehabilitation Temporary Disability Indemnity" (VRTD) is defined as "those payments required by Labor Code Section 139.5, to be made as a maintenance benefit when an employee is entitled to receive vocational rehabilitation services and is no longer entitled to receive temporary total disability indemnity under Labor Code section 4650." (Cal. Code Regs., tit. 8, § 10003, subd. (i).) We need not decide whether applicant is entitled to VRTD from the date of his request for further services, for applicant has been awarded temporary total disability indemnity to September 17, 1985, and has sought retroactive VRTD only to October 3, 1985, the date of the Bureau's order.