[No. B118377. Second Dist., Div. Four. June 29, 1998.]

RAYMOND JOHNSON, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, T.H. LIKENS &
SONS, INC., et al., Respondents.

**COUNSEL**

Cantrell, Green, Pekich, Cruz, McCort & Baker and Wayne McCort for Petitioner.

Stockwell, Harris, Widom & Woolverton and E. H. McNight, Jr., for Respondents.

## OPINION

**EPSTEIN, J.**—Raymond Johnson filed a petition for writ of review asking us to determine whether he should have been awarded vocational rehabilitation benefits for the period October 7, 1995, through September 4, 1996, before he was found to be a qualified injured worker (QIW). We conclude that he was entitled to the benefits he seeks and annul the award of the Workers' Compensation Appeals Board to the extent that it denies such relief.

### FACTUAL AND PROCEDURAL SUMMARY

Petitioner was employed by T.H. Likens & Sons, Inc., on November 14, 1989, when he fell from scaffolding and suffered a severe spinal injury. After petitioner applied for workers' compensation benefits, the parties stipulated that he is 46¼ percent permanently disabled due to injury to his back, and is entitled to workers' compensation benefits. In November 1993 petitioner sought further benefits by filing a petition to reopen. This resulted in a finding of 66 percent permanent disability and a determination that the petition to reopen was a valid request for vocational rehabilitation temporary disability (VRTD) benefits. Petitioner had spinal fusion and multilevel laminectomies on October 6, 1994. After treating him for one year, his physician, Dr. Steven Dennis, reported on October 6, 1995, that petitioner was permanent and stationery and restricted to essentially sedentary work. Petitioner then demanded VRTD benefits by letter dated November 3, 1995.

Since respondent employer was not providing petitioner rehabilitation benefits, petitioner sought a hearing before the rehabilitation unit. That body issued a decision on September 18, 1996, finding that petitioner was entitled to rehabilitation benefits as of September 5, 1996. Employer appealed that finding.

In a trial de novo, the workers' compensation judge found petitioner to be a QIW and awarded him VRTD benefits for the period of September 5, 1996, to April 2, 1997.

On reconsideration, the workers' compensation judge rejected petitioner's contention that he should have been awarded VRTD benefits from October 7, 1995, the date of his application. Respondents argued that Dr. Dennis's

reports of May 10, 1996, and October 6, 1995, and AME (agreed medical examiner) Dr. Melvin Stolz's report of September 3, 1996, did not provide notice that petitioner sought VRTD benefits. Dr. Dennis's October 6, 1995, report concluded that petitioner was permanent and stationary but did not state whether he was QIW. The workers' compensation judge found: "The fact that the applicant is permanent and stationary does not mean the applicant is QIW. And it does not mean that VRTD benefits automatically start or begin at that time. As for Dr. Dennis' report 10/6/95 which [is] attached to applicant's attorney's 6/16/97 trial brief, this report is only one page and does not state the basis of his opinion that the applicant is QIW. There was no indication of whether Dr. Dennis had reviewed a job analysis or the applicant's job duties and he does not give a reason or reasons as to why the applicant cannot return to his usual and customary job duties. Dr. Dennis merely stated '. . . please be aware that I do not feel that this gentleman can ever return to his former line of work and should be considered a qualified injured worker and be considered for vocational rehabilitation.' Thus, none of the three reports in question gave adequate notice to the defendants that the applicant was QIW. The award of VRTD was based on when the Rehabilitation Unit issued the determination finding that the applicant was QIW and was awarded VTRD."

The board incorporated the workers' compensation judge's report and recommendation in denying petitioner's appeal. Pursuant to Labor Code section 5952, petitioner seeks issuance of a writ of review.

### DISCUSSION

■ The only issue before us is whether petitioner was entitled to VRTD benefits for October 7, 1995, to September 4, 1996—the period between his application for benefits and the date the workers' compensation judge and board ruled his entitlement to such benefits began.

■ " 'In considering a petition for writ of review of a decision of the WCAB, this court's authority is limited. This court must determine whether the evidence, when viewed in light of the entire record, supports the award of the WCAB. This court may not reweigh the evidence or decide disputed questions of fact. [Citations.] However, this court is not bound to accept the WCAB's factual findings if determined to be unreasonable, illogical, improbable or inequitable when viewed in light of the overall statutory scheme. [Citation.] Questions of statutory interpretation are, of course, for this court to decide. [Citations.]' . . . 'All aspects of workers' compensation law . . . are to be liberally construed in favor of the injured worker. [Citation.]' " (*Mote* v. *Workers' Comp. Appeals Bd.* (1997) 56 Cal.App.4th 902, 909 [65 Cal.Rptr.2d 806].)

For a 1989 injury, " '[A]n employer has the duty to provide VRTD to a qualified injured worker from the time the employee chooses vocational rehabilitation. [Citations.]' (*Pereira* v. *Workers' Comp. Appeals Bd.* (1987) 196 Cal.App.3d 1, 6 [241 Cal.Rptr. 302]; accord, *Webb* v. *Workers' Comp. Appeals Bd.* (1980) 28 Cal.3d 621 [170 Cal.Rptr. 32, 620 P.2d 618].) [¶] *Pereira* involved the question whether VRTD can be awarded retroactively to a QIW for a period *prior* to his or her presentation of a prima facie case of QIW status. The court determined such benefits can be awarded retroactively. (196 Cal.App.3d at pp. 2, 6.) Since the QIW is entitled to VRTD beginning when he or she chooses vocational rehabilitation, the VRTD payments are retroactive to that date. The court quoted from *San Diego Transit Corp.* v. *Workers' Comp. Appeals Bd.* (1980) 28 Cal.3d 635, 637 [170 Cal.Rptr. 40, 620 P.2d 626], wherein the Supreme Court stated: '[Section 139.5] requires only that the employee be a qualified injured worker, not that he be formally adjudicated as such.' " (*Estrada* v. *Workers' Comp. Appeals Bd.* (1997) 58 Cal.App.4th 1458, 1471-1472 [69 Cal.Rptr.2d 176], fn. omitted.)

Here, Johnson checked off the issue of vocational rehabilitation on his application for adjudication of claim in 1989. In addition, the board determined that Johnson's petition to reopen of November 8, 1993, constituted a timely request for vocational rehabilitation.

In their answer, respondents make two arguments: first, that there was no prima facie evidence of petitioner's entitlement to VRTD benefits at the time he requested benefits; and second, there was a question of the feasibility of awarding such benefits in light of questions as to petitioner's ability to participate in vocational rehabilitation.

Similar arguments were rejected by the Supreme Court in *San Diego Transit Corp.* v. *Workers' Comp. Appeals Bd.* (1980) 28 Cal.3d 635 [170 Cal.Rptr. 40, 620 P.2d 626]. In that case the employer refused to pay temporary rehabilitation benefits until its injured employee enrolled in a rehabilitation program. After the injured employee requested rehabilitation benefits, the employer challenged her physical ability to do the job for which the plan would have prepared her. The Supreme Court observed that her fitness for the job was ultimately confirmed by the rehabilitation bureau. "Employer contends in effect that its good-faith challenge of employee's eligibility should have absolved it of responsibility for temporary rehabilitation benefits at least until the formal determination of employee's fitness was made. This contention is contrary to both the letter and the spirit of the law." (*Id.* at p. 637.) The Supreme Court held that an employer's challenge to an employee's fitness to participate in a particular rehabilitation plan is

not necessarily a challenge of the employee's status as a qualified injured worker. (*Ibid.*) Based on this fact, the court concluded that even a successful challenge to a specific proposed plan is analytically insufficient to affect the employee's right to other rehabilitation benefits. (*Ibid.*)

In holding that Labor Code section 139.5 does not require formal adjudication that an employee is QIW before temporary rehabilitation benefits are provided, the court reasoned: "As we have said in a somewhat different context, 'an employer or carrier has no absolute right to delay the provision of benefits until a formal hearing.' [Citation.] Here, employer had no right to delay at all, as the statute and its history give no hint that such a delay is to be permitted, but on the contrary strongly imply it is not to be tolerated. [¶] The statute's overriding purpose would be subverted by a rule allowing employers to forestall their duty to pay temporary rehabilitation benefits by challenging their injured employees' eligibility. The inherent effect of such a rule would be to increase the number of employer challenges to employee eligibility and thereby hinder the implementation of rehabilitation plans. But the Legislature envisioned a scheme in which vocational rehabilitation would commence as soon as the employee was fit to participate. [Citation.] Prompt initiation and completion of vocational rehabilitation was a paramount objective. Were employer's position adopted, that objective would be thwarted by an irresistible incentive for delay." (28 Cal.3d at pp. 637-638.)

Based on this record, and applying the principles stated in *San Diego Transit Corp.* v. *Workers' Comp. Appeals Bd.*, *supra*, 28 Cal.3d 635, we conclude that the board erred in denying petitioner's request for VRTD benefits from October 7, 1995, through September 4, 1996.

### DISPOSITION

The decision of the board is annulled insofar as it denied petitioner temporary rehabilitation benefits from October 7, 1995, through September 4, 1996. The case is remanded for further proceedings consistent with this opinion.

Vogel (C. S.), P. J., and Hastings, J., concurred.